COMMONWEALTH *vs.* JOHN ROBERTS. May 4, 1977. The defendant appeals from the denial, by a single justice of this court, of his petition for stay of execution of sentence. G. L. c. 279, § 4. The trial judge and a single justice of the Appeals Court both denied similar motions for a stay of execution of sentence. The defendant did not appeal from the denial of his motion by the Appeals Court single justice to a panel of that court as provided in Appeals Court Rule 2:01, as amended. 3 Mass. App. Ct. 801 (1975). The appropriate procedure after denial of a motion by a single justice of that court is to appeal to an Appeals Court panel rather than to a single justice of this court. There is no review in this court of an interlocutory order which is not reported to us by a single justice. See *Cappadona* v. *Riverside 400 Function Room, Inc.,* 371 Mass. 805 (1977). Since the parties have filed briefs we express our views. *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943). The defendant was convicted of deriving support from, or sharing the earnings of, a prostitute. G. L. c. 272, § 7. The defendant argues that the statute is unconstitutional on due process and equal protection grounds. He also argues that his requested instructions on "accomplice" testimony should have been granted by the trial judge. The statute has been held "plainly constitutional." *Commonwealth* v. *Peretz,* 212 Mass. 253, 256 (1912). The charge, in the abstract, appears to inform the jury correctly as to the law of this Commonwealth. See *Commonwealth* v. *Flynn,* 362 Mass. 455, 467 (1972). Nevertheless, the defendant argues that the facts of his case require reconsideration of both issues. Since the record and transcript are not before us we cannot decide whether or not the law has been unconstitutionally or incorrectly applied in this case. On the limited record before us, without prejudging in any way the merits of the defendant's full appeal, we cannot say that the "reasonable likelihood of success" is so clear as to warrant a finding that the single justice of this court abused his discretion. *DiPietro* v. *Commonwealth,* 369 Mass. 964 (1976). We find no abuse of discretion as that term denotes judicial action "that no conscientious judge, acting intelligently, could honestly have taken." *Davis* v. *Boston Elevated Ry.,* 235 Mass. 482, 502 (1920).

*Judgment affirmed.*

The case was submitted on briefs.
*Willie J. Davis* for the defendant.
*Richard I. Clayman,* Assistant District Attorney, for the Commonwealth.