COMMONWEALTH vs. MAX J. ALLEN & others[1]
(and a companion case).

Suffolk. May 24, 1979. — July 20, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Criminal*, Execution of sentence, Appeal. *Supreme Judicial Court*, Jurisdiction.

Review of Massachusetts statutes governing stays of execution of sentence pending appeal. [492-493]

Review of Federal statutes governing stays of execution of sentence pending appeal. [493-495]

The discretionary power conferred by G. L. c. 279, § 4, to a sentencing judge, a single justice of the Appeals Court, or a single justice of this court to stay execution of sentence pending appeal is not exhausted when a judge or Justice decides to grant or deny a stay, nor is there any doctrine of election precluding application to a Justice of one court after a judge of another court has acted. [496] QUIRICO, J., concurring.

After a denial of a stay of execution of sentence by a single justice of the Appeals Court under G. L. c. 279, § 4, and affirmance by a panel of the Appeals Court, there may be further appellate review pursuant to G. L. c. 211A, § 11. [496]

Discussion of procedure with respect to an application for a stay of execution of a sentence pending appeal under G. L. c. 279, § 4. [497-498] QUIRICO, J., concurring.

Discussion of standards for granting or denying a stay of execution of a sentence pending appeal under G. L. c. 279, § 4. [498]

A single justice of this court had discretion to grant an application for stay of execution of sentences pending appeal under G. L. c. 279, § 4, even though a single justice of the Appeals Court had previously denied the stay and that order had been affirmed by a panel of the Appeals Court. [498-499] QUIRICO, J., concurring.

INDICTMENTS found and returned in the Superior Court on October 13, 1977.

[1] Michael R. Cappiello and Martin Koplow.

A motion for stays of execution filed in the Supreme Judicial Court for the county of Suffolk was heard by *Liacos, J.,* and questions of law were reported by him.

*Paul W. Shaw,* Assistant Attorney General, for the Commonwealth.

*Richard A. Gargiulo* for Michael R. Cappiello.

*Ronald F. Kehoe (Barbara Bruce Williams* with him) for Max J. Allen.

*Albert L. Hutton, Jr.,* for Martin Koplow.

BRAUCHER, J. A single justice of this court has allowed the joint motion of the defendants under G. L. c. 279, § 4, for stay of execution of sentences pending appeal, and on the Commonwealth's motion has reported to the full court questions of law raised by his decisions. G. L. c. 211, §§ 5, 6. We uphold those decisions. We also review the procedure to be followed in such cases. Cf. *Commesso* v. *Commonwealth,* 369 Mass. 368 (1975) (bail appeals before trial).

We summarize the agreed facts. In October, 1977, the defendants were indicted for conspiracy to commit arson and conspiracy to defraud an insurer in connection with property located in Boston. The crimes were alleged to have been committed during 1975. Each defendant was convicted of both charges by a jury in the Superior Court in Suffolk County in September, 1978. On October 5, 1978, the defendant Allen was sentenced to two years in a house of correction and fined $10,000; the defendant Cappiello was sentenced to two and one-half years in a house of correction and fined $10,000; and the defendant Koplow was sentenced to eighteen months in a house of correction and fined $5,000.

The same day the judge, without making findings of fact or stating reasons, denied their motions for stay of sentence pending appeal. On October 19, 1978, after hearings, a single justice of the Appeals Court denied their motions for stay under G. L. c. 279, § 4, again without findings of fact or statement of reasons. The defendants appealed to the Appeals Court pursuant to Appeals Court

Rule 2:01, as amended, 3 Mass. App. Ct. 805 (1975), and the matter was briefed and argued before a three-judge panel of that court on January 5, 1979. On February 9, 1979, the Appeals Court affirmed the orders of the single justice. *Commonwealth* v. *Allen,* 7 Mass. App. Ct. 856 (1979). The defendants did not seek rehearing or leave for further appellate review.

On March 13, 1979, the defendants filed in the county court a joint motion for stay pending appeal. After a hearing on March 14, 1979, a single justice of this court granted the motion and ordered that the defendants be released forthwith on personal recognizance pending appeal. On March 28, 1979, the single justice denied the Commonwealth's motion for reconsideration. On April 2, 1979, the Commonwealth moved for a report of questions of law to the full court, and on April 20, 1979, the single justice reported the questions of law raised by the motion.[2] Briefs were filed, and the cases were argued to the full court on May 24, 1979.

---

[2] Those questions are as follows:

"1. Whether a single justice of the Supreme Judicial Court has jurisdiction under G. L. c. 279, § 4 to consider a motion for stay of execution of sentence pending appeal after a single justice of the Appeals Court has denied such a stay and after the Full Bench of the Appeals Court has affirmed the order by the single justice of that Court.

"2. Assuming the single justice of the Supreme Judicial Court had jurisdiction at all times to consider a petition for stay of execution of sentence pending appeal, whether that jurisdiction should be exercised after the matter has been reviewed by a single justice and the Full Bench of the Appeals Court.

"3. What is the appropriate procedure to be followed by a defendant under G. L. c. 279, § 4, to review the denial of a stay of execution of sentence by the trial judge?

"4. Whether G. L. c. 211, § 3 provides an alternative method of appeal from a decision of the Full Bench of the Appeals Court or is an Application for Leave to Obtain Further Appellate Review by the Full Supreme Judicial Court pursuant to G. L. c. 211A, § 11 and Massachusetts Rules of Appellate Procedure, Rule 27.1 the sole remedy.

"5. What is the appropriate standard to be applied by a single justice of the Supreme Judicial Court or Appeals Court in exercising his or her discretion under G. L. c. 279, § 4?"

We take note of the facts that two of the defendants are members of the bar, and that they were temporarily suspended from the practice of law on November 9, 1978, by a single justice of this court. On April 10, 1979, after the stay of execution of sentence, the order of temporary suspension was vacated. One of the conditions of the April 10 order was that the appeal be monitored to avoid any delay; the two defendants are to submit a written report on the status of their appeals from the criminal convictions by the fifteenth day of each month. After the argument of the present cases, we requested a single justice of this court to take steps to expedite the appeals from the criminal convictions, and the cases were transferred to this court.

1. *Our statutes.* For nearly a century prior to 1895, execution of sentence was stayed upon the allowance of exceptions unless it appeared that the exceptions were "frivolous, immaterial, or intended for delay." St. 1804, c. 105, § 5. Rev. Sts. c. 81, § 29 (1836). Gen. Sts. c. 115, § 10 (1860). Pub. Sts. c. 153, §§ 11, 12 (1882). Cf. St. 1891, c. 362, § 1 (appeal). See *Commonwealth* v. *Clifford,* 145 Mass. 97, 98 (1887). Under St. 1895, c. 469, § 2, however, there was no stay of execution of sentence in noncapital cases "unless the justice imposing sentence, or some justice of the supreme judicial court, shall file a certificate that in his opinion there is reasonable doubt whether the judgment should stand." Rev. L. c. 220, § 3 (1902). G. L. Ter. Ed. c. 279, § 4 (1932). St. 1935, c. 50, § 3. Stay was made a matter of discretion on the part of the sentencing judge or of a Justice of this court by St. 1966, c. 678, and reference to a Justice of the Appeals Court was added by St. 1972, c. 740, § 17. G. L. c. 279, § 4.[3] See Mass. R. Crim. P. 31(a),

---

[3] In pertinent part: "Sentence shall be imposed upon conviction of a crime, except as otherwise provided in section forty-seven in case of a conviction of a capital crime, although exceptions have been alleged or an appeal taken. If sentence is imposed upon conviction of a crime not punishable by death, the reservation, filing or allowance of exceptions or the entry of an appeal shall not stay the execution of the

*post* 902 (1979), and Mass.R.A.P. 6(c), as amended, *post* 931, effective July 1, 1979.

We have long held that the sentencing judge need not state his reasons for refusing a stay. *Lebowitch, petitioner,* 235 Mass. 357, 363 (1920). *Commonwealth* v. *Brown,* 167 Mass. 144, 146 (1896). Cf. *Gavin* v. *Commonwealth,* 367 Mass. 331, 343-344 (1975) (increase of sentence by Appellate Division of Superior Court); *Gavin* v. *Chernoff,* 546 F.2d 457, 459 (1st Cir. 1976) (same). We have upheld the revocation of a stay by the judge who granted it. *Fine* v. *Commonwealth,* 312 Mass. 252, 261 (1942). In three cases since 1966 we have reviewed the action of a single justice in denying a stay; in those cases we held that the petition for a stay was addressed to the discretion of the single justice, and that there was no abuse of discretion where the petitioner had not established a "reasonable likelihood of success" on appeal. *Commonwealth* v. *Roberts,* 372 Mass. 868(1977). *DiPietro* v. *Commonwealth,* 369 Mass. 964 (1976). *Stranad* v. *Commonwealth,* 366 Mass. 847 (1974). In each case we reviewed that likelihood, though on a limited record, and upheld the decision of the single justice. See *Commonwealth* v. *Levin,* 7 Mass. App. Ct. 501 (1979), where the procedure is reviewed at length.

2. *Federal and other systems.* In the Federal courts, from 1891 until 1934, stay of sentence pending a writ of error or appeal in a criminal case was discretionary and was granted if the writ or appeal was not "taken merely for delay" but "taken in good faith, on grounds not frivolous but fairly debatable." *United States* v. *Motlow,* 10 F.2d 657, 662 (7th Cir. 1926) (Butler, Circuit Justice). In 1934 the Supreme Court adopted a more restrictive standard, denying bail "unless it appears that the appeal

---

sentence unless the justice imposing it or a justice of the supreme judicial court or a justice of the appeals court, determines in his discretion that execution of said sentence should be stayed pending the final determination of such exceptions or appeal; and if execution of sentence is so stayed, the justice may at the same time make an order relative to the custody of the prisoner or for admitting him to bail."

involves a substantial question which should be determined by the appellate court." Crim. Appeals Rule VI, 292 U.S. 663 (1934). Fed. R. Crim. P. 46 (a) (2), 327 U.S. 868 (1946). The rule was liberalized by a 1956 amendment: "Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay." Fed. R. Crim. P. 46 (a) (2), 350 U.S. 1021 (1956). See Note, Bail Pending Appeal in Federal Courts, 32 N.Y.U. L. Rev. 557, 560 (1957).

Bail pending appeal in Federal criminal cases is now governed by the Bail Reform Act of 1966, as amended, 18 U.S.C. §§ 3146-3152 (1976), and by Fed. R. App. P. 9 (b), 389 U.S. 1077 (1968), and 9(c), 406 U.S. 1007 (1972), and Fed. R. Crim. P. 46(c), 406 U.S. 998 (1972).[4] See 3 C.A.

---

[4] Section 3148 provides for release in accordance with § 3146 (release prior to trial) "unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained."

Fed. R. App. P. 9(b): "Release pending appeal from a judgment of conviction. — Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The court of appeals or a judge thereof may order the release of the appellant pending disposition of the motion."

Fed. R. App. P. 9(c): "Criteria for release. — The decision as to release pending appeal shall be made in accordance with Title 18, U.S.C. § 3148. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."

Fed. R. Crim. P. 46(c): "Pending sentence and notice of appeal. — Eligibility for release pending sentence or pending notice of appeal or expiration of the time allowed for filing notice of appeal, shall be in accordance with 18 U.S.C. § 3148. The burden of establishing that the

Wright, Federal Practice and Procedure § 767 (1969); 15 C.A. Wright, A.R. Miller & E.H. Cooper, id. § 3918 (1976); 8B Moore's Federal Practice par. 46.10 (2d ed. 1978); 9 id. pars. 209.06-209.08 (2d ed. 1975); Note, Bail Pending Appeal in Federal Court, 57 Tex. L. Rev. 275 (1979). Under the statute a stay may be denied if the appeal is "frivolous or taken for delay."

The American Bar Association's Standards Relating to Criminal Appeals 2-4, 53-56 (Approved Draft, 1970) includes a brief survey of statutory patterns concerning bail pending appeal and a recommended standard set forth in the margin.[5]

---

defendant will not flee or pose a danger to any other person or to the community rests with the defendant."

[5] "2.5 Release pending appeal; stay of execution

"(a) When an appeal has been instituted by a convicted defendant after a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a fresh determination made by the trial court. The burden of seeking a stay of execution and release may properly be placed on the appellant. The decision of the trial court should be subject to review by an appellate judge or court on the initiative of either the prosecution or the defense.

"(b) Release should not be granted unless the court finds that there is no substantial risk the appellant will not appear to answer the judgment following conclusion of the appellate proceedings and that the appellant is not likely to commit a serious crime, intimidate witnesses or otherwise interfere with the administration of justice. In making this determination, the court should take into account the nature of the crime and length of sentence imposed as well as the factors relevant to pretrial release.

"(c) Execution of a death sentence should be stayed automatically when an appeal is instituted.

"(d) Procedural devices can safeguard against dilatory prosecution of appeals where such problems may be found. A provision that release is conditioned upon appellants' perfecting their appeals promptly after notice of appeal insures against delay in the commencement of appeals. A provision for termination of the release after a period sufficient to permit cases to be argued or submitted to the appellate court in normal course guards against lack of diligence in preparation of briefs and records. Such limitations, if used, should be subject to extension where circumstances justify longer periods.

"(e) In a jurisdiction with an intermediate appellate court, when review in the highest court is sought by a defendant-appellant, the

3. *Jurisdiction.* We think it is clear that G. L. c. 279, § 4, confers discretionary power to stay the execution of sentence pending appeal. The power may be exercised by the sentencing judge, by a single justice of the Appeals Court, or by a single justice of this court. The power is not exhausted when a judge or Justice decides to grant or deny a stay; nor is there any doctrine of election precluding application to a Justice of one court after a judge of another court has acted. As in cases of bail determinations before trial, relief must be speedy if it is to be effective, and the determination must often be done in haste, without that full inquiry and consideration which the matter deserves. See *Commesso* v. *Commonwealth*, 369 Mass. 368, 373 (1975). Each judge or Justice has the power to consider the matter anew, taking into account facts newly presented, and to exercise his own judgment and discretion.

The usual policy of deferring review of interlocutory orders until after final judgment has no application. Cf. *Stack* v. *Boyle*, 342 U.S. 1, 6 (1951) (bail determination before trial); *Commesso* v. *Commonwealth*, 369 Mass. 368, 372 (1975) (same). To the extent that *Commonwealth* v. *Roberts*, 372 Mass. 868 (1977), indicates a contrary view, we do not follow it. Thus the full court has jurisdiction to review, on exceptions, report, or appeal, questions of law arising in a determination by a single justice of this court under G. L. c. 279, § 4. G. L. c. 211, §§ 5, 6. Similarly, a panel of the Appeals Court has like jurisdiction to review such a determination by a single justice of that court. Appeals Court Rule 2:01, as amended, 3 Mass. App. Ct. 805 (1975). A decision by a panel of the Appeals Court may be the subject of further appellate review by this court pursuant to G. L. c. 211A, § 11.

question of his custody pending decision by the highest court may be redetermined by the intermediate appellate court or a judge thereof. When review is sought by the prosecution, standards relevant to custody of defendants pending prosecution appeal from trial court decisions should be applied. Decisions at the intermediate court level should be subject to review by the highest court."

4. *Practice.* Ordinarily a single justice of the Appeals Court or of this court does not act on an application under G. L. c. 279, § 4, unless the matter has first been presented to the sentencing judge. Cf. Mass. R. A. P. 6 (a), as amended, 371 Mass. 914 (1977) (civil cases). After a stay has been denied by the sentencing judge, or after the sentencing judge has granted a limited stay to permit application to an appellate Justice,. application may be made to the single justice either of the Appeals Court or of this court. If application is made to the single justice of this court, and the appeal from the criminal conviction is to be reviewed in the first instance by the Appeals Court under G. L. c. 211A, § 10, the single justice of this court ordinarily transfers the matter pursuant to G. L. c. 211, § 4A, to the Appeals Court, where it will be heard by a single justice of that court. The single justice of the Appeals Court does not review the decision of the sentencing judge, but considers the matter anew, exercising his own judgment and discretion.

If a stay has been denied both by the sentencing judge and by a single justice of the Appeals Court, the applicant may seek review of questions of law by a panel of the Appeals Court. At this stage the single justice of this court has jurisdiction to consider a new application for stay. That jurisdiction is rarely exercised while further consideration by the Appeals Court is in prospect, but occasionally a single justice of this court has granted a limited stay to facilitate panel review in the Appeals Court. Panel review in the Appeals Court can be conducted on an expedited basis; indeed, the Federal practice shows that such a review can be conducted without the necessity of briefs. See Fed. R. App. P. 9 (a).

In the present case a new application for stay was made to the single justice of this court after a panel of the Appeals Court had denied relief. In this situation, while we think that the plain language of G. L. c. 279, § 4, confers discretion on the single justice, we also think that in the ordinary case, in the absence of changed circum-

stances, he may deny relief summarily and should review the matter only with reference to errors of law in the prior determinations. In the full court review is more strictly limited to errors of law. See *Commesso* v. *Commonwealth,* 369 Mass. 368, 374 (1975).

5. *Standards for granting a stay.* Unlike G. L. c. 276, § 58, governing bail before trial, G. L. c. 279, § 4, does not specify factors to be taken into account in the exercise of judgment and discretion. We think, however, that the same factors specified in § 58 may properly be considered under § 4. In addition, consideration should be given to "danger to any other person or to the community" (see n.4) and to the possibility of "further acts of criminality during the pendency of the appeal." See *Commonwealth* v. *Levin,* 7 Mass. App. Ct. 501, 505 (1979). Finally, the judge or Justice should consider the likelihood of success on the merits of the appeal. There is no requirement, however, that he give a statement of reasons or make any particular finding or certification in order to grant or deny the stay.

The judge or Justice should require that the appeal present "an issue which is worthy of presentation to an appellate court, one which offers some reasonable possibility of a successful decision in the appeal." *Commonwealth* v. *Levin,* 7 Mass. App. Ct. 501, 504 (1979). Application of that standard presents a reviewing court with a pure question of law or legal judgment. *Id.* at 505. Our formula that there is no abuse of discretion in the denial of stay unless the applicant establishes "a reasonable likelihood of success on appeal" might be understood as imposing a somewhat stricter standard on the reviewing court. But there is no reason for special deference to the judgment of the single justice on such a question, and we think the reviewing court may exercise its own judgment, applying the same standard as the single justice.

6. *Application to the present cases.* In the absence of a stay, the sentences imposed in these cases were likely to have been served in whole or in major part before the

appeals were heard. No issue was presented of danger of flight or danger to the community. None of the defendants had a criminal record; all had substantial roots in the community. All were released on personal recognizance before and during trial, and there were no defaults. The only issues before the sentencing judge and the appellate Justices who considered the applications for stay related to the likelihood of success on appeal.

The Appeals Court panel quoted and followed *Commonwealth* v. *Roberts*, 372 Mass. 868 (1977): "we cannot say that the 'reasonable likelihood of success' is so clear as to warrant a finding that the single justice of this court abused his discretion." *Commonwealth* v. *Allen*, 7 Mass. App. Ct. 856 (1979). The single justice of this court found no indication that the appeals were frivolous or brought solely for purposes of delay; he also ruled that there was compliance with the "stricter standard" of "reasonable likelihood of success." The Commonwealth conceded in argument before us that if the single justice of this court had discretion to make the latter ruling, there was no abuse of his discretion. We hold that he had such discretion.

7. *Disposition; the reported questions.* The orders of the single justice of this court are affirmed. The reported questions (see n.2) are answered as follows: (1) The single justice had jurisdiction under G. L. c. 279, § 4. (2) The exercise of that jurisdiction was a matter within his discretion. (3) A denial of stay by the trial judge under G. L. c. 279, § 4, is not subject to review, but a new application may be made to a Justice of the Appeals Court or of this court. (4) After denial of a stay by a single justice of the Appeals Court under G. L. c. 279, § 4, and affirmance by a panel of the Appeals Court, there may be further appellate review pursuant to G. L. c. 211A, § 11. There may also be a new application to a single justice of this court under G. L. c. 279, § 4. Where those remedies are available, no remedy is available under G. L. c. 211, § 3. (5) As to the standards to be applied by a single justice under

G. L. c. 279, § 4, we refer to our discussion in point 5 of this opinion.

*So ordered.*

QUIRICO, J. (concurring in the result). I concur in the affirmance of the granting of the stays of execution of sentences, and in part 5 of the opinion stating the standards for granting such stays. I am unable, however, to agree with the statements in part 4 and several other parts of the opinion concerning the practice which a defendant may follow in seeking such a stay.

The opinion of the court, as I understand it, permits a defendant who has been denied a stay of execution of sentence to pursue an application for a stay along either or both of two routes. Following one route, the defendant may apply to a single justice of the Appeals Court, who must consider the matter anew. If that Justice denies the application, the defendant may appeal to a panel of three Justices of the Appeals Court. If that panel denies him relief, the defendant may then apply to this court for further appellate review pursuant to G. L. c. 211A, § 11. That application will require the affirmative action of at least three Justices of this court. If further review is granted, the appeal will be heard and decided by a quorum of at least four Justices of this court. By following this route, the defendant could engage the time and attention of at least four Justices of the Appeals Court and from four to seven Justices of this court, or a total of not less than eight nor more than eleven appellate Justices.

Following another route, the defendant may apply to a single justice of this court, who must consider the matter anew. If that Justice denies the application the defendant may appeal the decision to the full court, meaning four or more Justices, of this court. By following this route, he would engage the time and attention of not less than five appellate Justices.

Appellate proceedings involving applications for stays of execution of sentences have heretofore been infrequent, but there are indications, apart from the present opinion, that they will become more frequent. Any appreciable increase in such proceedings following either of the two routes described above will place a great burden on the Justices of the Appeals Court and of this court. That burden will be even greater by reason of the fact that the present opinion does not limit a defendant seeking a stay to either of these two routes. It permits him to follow either or both, to do so either simultaneously or consecutively, and perhaps to pursue one route part way and then, without abandoning that route, to start an overlapping, duplicative proceeding along the other route. It probably also permits the defendant to start all over again along either or both routes whenever he believes that there has been a change in circumstances bearing on the question whether he should be released from custody pending appeal on the case in chief. Presumably, these various options made available to a defendant are also available to the prosecution, whenever a stay of execution of sentence is allowed.

I recognize that the court, by its opinion, has attempted to discourage or minimize the potential proliferation of appellate proceedings on applications for stays by stating, for example, that while "the single justice of this court has jurisdiction to consider a new application for a stay [, t]hat jurisdiction is rarely exercised while further consideration by the Appeals Court is in prospect . . . ." However, the opinion expressly recognizes the right to seek relief from the single justice of this court either while the matter is pending before the panel of the Appeals Court or, as in the present case, even after that panel has denied relief. It is no satisfactory answer that the duplicate proceeding before the single justice of this court may be disposed of rather summarily. In my view, the evil is in authorizing or permitting duplicate proceedings to be started at all.

It seems to me that the court's opinion opens the gates to appellate proceedings beyond any requirement of G. L. c. 279, § 4, which provides that "the reservation, filing or allowance of exceptions or the entry of an appeal shall not stay the execution of the sentence unless the justice imposing it, or a justice of the supreme judicial court *or a justice of the appeals court*, determines in his discretion that the execution of said sentence should be stayed pending the final determination of such exceptions or appeal . . ." (emphasis added). The words "or a justice of the appeals court" were inserted by the statute which established the Appeals Court. See St. 1972, c. 740, § 17. The insertion of these words at this particular point in the General Laws was but one of several similar amendments thought necessary to accommodate the then existing statutes to the creation of the new court.[1] I do not believe that the addition of these few words to G. L. c. 279, § 4, was intended to permit a party aggrieved by the action of a trial judge on a request for a stay of execution of sentence to start and pursue appellate proceedings in two different appellate courts. Rather, I believe that it was intended to recognize that, by reason of the creation of the new court, such appellate proceedings should be started before the single justice of this court in some cases but before the single justice of the Appeals Court in others, depending on the nature of the case involved.

[1] For other similar amendments to the General Laws made by St. 1972, c. 740, see §§ 5 and 16 thereof. Section 16 amends G. L. c. 278, § 28E, by inserting the words "or to the appeals court" in the sentence which permits a single justice of the Supreme Judicial Court, after "determining that the administration of justice would be facilitated thereby, [to] grant an interlocutory appeal from a decision, order or judgment of the superior court determining a motion to suppress evidence prior to trial . . . [and to] report the same to the full court *or to the appeals court* for hearing . . ." (emphasis supplied). It has never been suggested that the italicized amendatory language, which is similar to that of G. L. c. 279, § 4, would permit the report of the decision of the trial court to both the full court of this court and to the Appeals Court.

I believe that G. L. c. 279, § 4, should be construed as permitting an appeal to a single justice of the appellate court in which the appeal from the conviction is required to be entered, whether it be the Supreme Judicial Court or the Appeals Court, but not both courts, and as requiring that appellate review of the action of the single justice thereon should follow the existing traditional avenues for appellate review of decisions of the single justice on questions of law.

I am further persuaded of the necessity for the elimination or minimization of multiple avenues for simultaneous, consecutive or duplicative proceeding for appellate review by my observation of the apparently increasing notion that, failing in all other efforts, or perhaps in addition to all other options, litigants may seek still more appellate relief from a single justice of this court in any case by merely labelling or describing the petition therefor as one brought under G. L. c. 211, § 3. That statute serves a very important, necessary and useful purpose in appropriate cases, perhaps including a very limited class of cases involving an application for a stay of execution of sentence. Unfortunately, however, the attempted indiscriminate use of that statute in many inappropriate cases seeking relief clearly not contemplated by the statute requires the unfortunate diversion of much time and effort of the Justices and other personnel of this court from their basic and important functions and responsibilities.

For all of these reasons, I would limit the appellate review of decisions on motions to stay the execution of sentences in the manner described above.