CHRISTOPHER BARDEN LEWIS *vs*. COMMONWEALTH. May 18, 1999. *Supreme Judicial Court*, Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal*, Execution of sentence.

Christopher Lewis (defendant) appeals from a single justice's denial of his request to stay execution of sentence. The defendant pleaded nolo contendere in 1987 to various charges relating to a scheme to defraud investors. He was sentenced to a term of imprisonment of from nine to ten years, with the sentence suspended during a ten-year probationary period. In 1995, he was convicted of larceny in connection with a similar scheme. In 1997, a Superior Court judge found the defendant had violated his probation and sentenced him to serve the original term. After seeking stays of execution of this sentence in the Superior and Appeals Courts, the defendant filed a motion in the county court asking for a stay of the sentence pending the resolution of his appeal of the probation revocation order. The single justice treated the motion as a petition under G. L. c. 211, § 3, and denied the requested relief.

The defendant first argues that the single justice erred in treating his motion as a petition under G. L. c. 211, § 3. The defendant claims that this decision resulted in a less favorable standard of review than that to which he was entitled. Even assuming, arguendo, that the single justice erred, the defendant is not entitled to relief. Rule 31 (a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 902 (1979), vests the decision whether to grant a stay of sentence pending appeal in the discretion of the single justice. In reviewing a single justice's exercise of that discretion, this court must consider whether the defendant presents a danger to the community and might commit further criminal acts while the appeal is pending. *Commonwealth* v. *Allen*, 378 Mass. 489, 498 (1979). In addition, this court must ask whether the defendant has a reasonable possibility of succeeding on the underlying appeal. *Id.*

The defendant's repeated acts of fraud on would-be investors created the possibility that he might commit further crimes during the pendency of his ap-

peal. In addition, we have reviewed the substance of his appeal of the proba-
tion revocation order and conclude that it lacks sufficient likelihood of success
on the merits to warrant a stay.[1]

The order of the single justice is affirmed.

*So ordered.*

*Sharon Fray-Witzer* for the defendant.

*Loretta M. Lillios,* Assistant District Attorney, for the Commonwealth.


---

[1]While this appeal was pending, the Appeals Court upheld the probation revocation
order. *Commonwealth* v. *Lewis,* 46 Mass. App. Ct. 1125 (1999). This ruling confirms
our conclusion that the defendant's appeal of his probation revocation lacked sufficient
likelihood of success on the merits to warrant a stay.

