SANG HOA DUONG *vs.* COMMONWEALTH. June 15, 2001. *Practice, Criminal,* Sentence, Execution of sentence, Appeal. *Appeals Court,* Appeal from order of single justice, Further appellate review by the Supreme Judicial Court. *Supreme Judicial Court,* Jurisdiction.

Sang Hoa Duong (defendant) has appealed from a judgment entered by a single justice of this court denying his petition under G. L. c. 211, § 3, for a stay of execution of sentence pending appeal. The case requires us to review the procedural framework for requesting and appealing from the denial or grant of a stay of execution of sentence pending appeal. Because a single justice of the Appeals Court has previously denied the requested stay and because the defendant's appeal from his convictions is pending in the Appeals Court, we conduct only a preliminary review of our single justice's decision for errors of law. Based on this review, we conclude that the single justice of this court did not err in denying the defendant's petition.

We begin with a review of the procedural history in this case. In October,

1999, a jury convicted the defendant of armed robbery, assault and battery by means of a dangerous weapon, and receiving stolen property. The judge sentenced the defendant to a period of imprisonment, and the defendant filed a timely notice of appeal. In February, 2000, the defendant filed, and the trial judge denied, a motion to stay the execution of the sentence. On May 15, 2000, the defendant filed in the Appeals Court a motion to stay execution of sentence pending appeal. A single justice of the Appeals Court denied the motion. The defendant then filed, pursuant to G. L. c. 211, § 3, and Mass. R. A. P. 6 (a), as amended, 378 Mass. 930 (1979),[1] his petition for a stay of execution of the sentence in the county court. The single justice denied his petition, and it is that denial that is before us.

The general framework for requesting a stay of execution of sentence is set forth in Mass. R. Crim. P. 31 (a), 378 Mass. 902 (1979),[2] rule 6 (a), *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851, 852-854 (1980), and *Commonwealth* v. *Allen*, 378 Mass. 489, 497-498 (1979). Ordinarily, the defendant should file such a motion in the first instance with the sentencing judge. *Id.* at 497. If a sentencing judge denies the application for a stay, a new application for a stay may be submitted to a single justice of the Appeals Court or of this court.[3] See *id.* (if applicant files such application directly with single justice of this court, and the case is óne which will be decided by the Appeals Court, the application will ordinarily be transferred to the Appeals Court). "If a stay has been denied both by the sentencing judge and by a single justice of the Appeals Court, the applicant may seek review of questions of law by a panel of the Appeals Court." *Id.* Although a single justice of this court "has jurisdiction to consider a new application for stay" after denial of a stay by a single justice of the Appeals Court, this jurisdiction "is rarely exercised while further consideration by the Appeals Court is in prospect."[4] *Id.* See *Commonwealth* v. *Aviles*, 422 Mass. 1008, 1008-1009 (1996) (discussing discretion of single justice of this court to consider new application for stay prior to review of decision of single justice of Appeals Court by panel of that court).

---

[1]Rule 6 (a) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 930 (1979), provides, in pertinent part: "[A] motion for a stay of execution of a sentence must ordinarily be made in the first instance in the lower court. A motion for such relief may be made to the appellate court or to a single justice, but the motion shall show that application to the lower court for the relief sought is not practicable, or that the lower court has denied an application, or has failed to afford the relief which the appellant requested, with the reasons given by the lower court for its action."

[2]Rule 31 (a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 902 (1979), provides, in pertinent part: "If a sentence of imprisonment is imposed upon conviction of a crime, the entry of an appeal shall not stay the execution of the sentence unless the judge imposing it or a judge of the Supreme Judicial Court or the Appeals Court determines in his discretion that execution of said sentence shall be stayed pending the final determination of the appeal."

[3]Rule 6 (a) requires that the application be filed in the first instance with the clerk of the court to which the appeal is being taken.

[4]In *Commonwealth* v. *Allen*, 378 Mass. 489, 497 (1979), we further concluded that a single justice of this court holds the discretion to consider a new application for a stay after review by a panel of the Appeals Court. We stated, however, that "in the absence of changed circumstances, [a single justice] may deny relief summarily and should review the matter only with reference to errors of law in the prior determinations." *Id.* at 497-498.

In the ordinary course of events, where a stay has been denied by the trial judge and a single justice of the Appeals Court, the presumptive avenue for review is before a panel of the Appeals Court. *Commonwealth* v. *Allen, supra* at 497. If, after review for errors of law, the panel denies relief, the defendant may apply to this court for further appellate review. G. L. c. 211A, § 11. *Commonwealth* v. *Allen, supra* at 496.[5] In the present case, after being denied relief by the trial judge and a single justice of the Appeals Court, the defendant filed a new application for a stay of execution of sentence pending appeal in the single justice session of this court. Because the defendant could have sought review of the decision of the single justice of the Appeals Court by a panel of that court, we review summarily the decision of the single justice of this court for errors of law. Cf. *id.* at 497-498 (summary review appropriate for new applications submitted to single justice of this court after review, and denial of relief, by panel of the Appeals Court).

Our limited review of the decision of the single justice of this court and the record before him leaves us satisfied that he did not err in denying a stay. There was no error of law in his conclusion that the defendant did not have a "reasonable possibility of a successful decision" on appeal. *Commonwealth* v. *Hodge (No. 1), supra* at 855, quoting *Commonwealth* v. *Allen, supra* at 498.[6]

*Judgment affirmed.*

*David Duncan* for the defendant.

*James W. Sahakian,* Assistant District Attorney, for the Commonwealth.

---

KENNETH T. PIGNONE *vs.* COMMONWEALTH. June 20, 2001. *Supreme Judicial Court,* Appeal from order of single justice.

Kenneth T. Pignone (petitioner) appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief by a single justice of this court. The petitioner had filed an "Application for Permission to Appeal Reduction of Bail to The Supreme Judicial Court."

We treat the Superior Court judge's denial of the petitioner's motion for reduction of bail and release as an interlocutory order for purposes of rule 2:21 (1). The petitioner, however, has not met his burden under rule 2:21 (2). His terse reference, without explanation, to "irremediable error" does not constitute setting forth "the reasons why review of the trial court decision

---

[5]The present case illustrates the complexity of the appellate procedure concerning applications for stays of execution of sentence pending appeal and the large number of judges on different courts who may rule on such applications. The Commonwealth urges us to revise the process. Although we have stated that "[i]t may be preferable for a single justice of this court to decline to act on a request for a stay pending appeal, leaving (or perhaps transferring) the issue in the court where the underlying appeal will be heard," *Commonwealth* v. *Aviles,* 422 Mass. 1008, 1009-1010 (1996), citing *Commonwealth* v. *Allen, supra* at 497, we have not limited the discretion of the single justice of this court to consider new applications, such as the one in this case. Whether we should adopt a different procedure should first be considered by this court's rules committee. The committee may wish to review rule 6 and rule 31 in light of this decision and consider whether any revisions are warranted.

[6]A panel of the Appeals Court heard oral arguments in this case on May 18, 2001, and will be considering the merits of the appeal.

cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."

*Judgment affirmed.*

---

$801,500. Fleet represents that, without reformation, the estate would be required to pay an additional $268,385 in Federal estate taxes.

