PAUL CHRISTIAN *vs.* COMMONWEALTH. March 14, 2006. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Sentence.

Paul Christian appeals from a judgment of the county court denying relief under G. L. c. 211, § 3. We affirm the judgment.

In 1997, Christian was convicted of two indictments charging him with having received stolen goods exceeding $250. The Appeals Court affirmed the

convictions in an unpublished memorandum and order pursuant to its rule 1:28, and this court denied further appellate review. *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 1121, *S.C.*, 429 Mass. 1107 (1999). His sentences are due to expire in early 2007. Christian subsequently moved for a new trial. A judge who was not the trial judge allowed the motion on the ground that the evidence at trial was insufficient to support his convictions and ordered the indictments dismissed. The Commonwealth has appealed.[1] Christian filed a "motion for stay of execution of sentence" pending the Commonwealth's appeal. That motion was denied by the same judge who allowed his motion for a new trial. Pursuant to Mass. R. A. P. 6 (a), as amended, 378 Mass. 930 (1979), Christian moved for a stay of execution of sentence before a single justice of the Appeals Court. That motion was also denied, and it appears that Christian took no appeal to a panel. Finally, Christian filed in the county court, also pursuant to rule 6 (a), a "petition to single justice on motion for stay of execution of sentence." The single justice treated this as a petition under G. L. c. 211, § 3, and denied relief.

Where a defendant seeks a stay of execution of sentence,[2] and both the judge in the trial court and a single justice of the Appeals Court deny the stay, "the presumptive avenue for review is before a panel of the Appeals Court." *Sang Hoa Duong* v. *Commonwealth*, 434 Mass. 1006, 1008 (2001), citing *Commonwealth* v. *Allen*, 378 Mass. 489, 497 (1979). Like the defendant in the *Sang Hoa Duong* case, Christian did not appeal to a panel of the Appeals Court, but filed a new application for a stay of execution of sentence pending appeal in the single justice session of this court. Accordingly, "we review summarily the decision of the single justice for errors of law." *Sang Hoa Duong* v. *Commonwealth, supra*, citing *Commonwealth* v. *Allen, supra* at 497- 498. After reviewing the record, we are satisfied that the single justice did not err in declining to release Christian, particularly in view of his extensive criminal record. See *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851, 855 (1980) (trial judge's consideration of factors relating to security will be upheld absent abuse of discretion).

*Judgment affirmed.*

*James L. Rogal* for the plaintiff.

*Susanne G. Reardon*, Assistant Attorney General, for the Commonwealth.

---

[1]The Commonwealth's appeal has been briefed but has not been scheduled for oral argument.

[2]It would have been more appropriate for Christian to move to be admitted to bail under Mass. R. Crim. P. 30 (c) (8) (A), as appearing in 435 Mass. 1501, 1502-1503 (2001). Had he done so, it appears, on this record, that the result would have been the same. See K.B. Smith, Criminal Practice and Procedure § 2092 (2d ed. 1983) ("The standard for releasing the defendant on bail [under rule 30 (c) (8) (A)] is probably the same standard used under Mass. R. Crim. P. 31," 378 Mass. 902 [1979]).