Rescript Opinions.

JOHN AGUIAR *vs.* COMMONWEALTH. May 11, 2010. *Supreme Judicial Court,* Jurisdiction. *Practice, Criminal,* Execution of sentence, Appeal. *Appeals Court,* Appeal from order of single justice.

John Aguiar appeals from an order of a single justice of this court denying his motion for stay of execution of sentence pending appeal. We affirm.

In October, 2008, a Superior Court jury returned ten verdicts of guilty of indecent assault and battery of two children under the age of fourteen years against Aguiar. He filed a timely notice of appeal as well as a motion to stay execution of his sentence pending appeal. The trial judge denied the motion. In March, 2009, Aguiar filed in the Appeals Court a motion to stay execution of sentence. A single justice of the Appeals Court denied the motion without a hearing. Aguiar sought reconsideration of the single justice's denial of his motion in August, 2009. The request for reconsideration was denied by a second single justice. Aguiar thereafter filed a motion for stay of execution of sentence in the county court, in September, 2009, which was denied by a single justice without a hearing.

Aguiar could have appealed from the decision of the first single justice of the Appeals Court to a panel of that court. See *Sang Hoa Duong* v. *Commonwealth,* 434 Mass. 1006, 1008 (2001), citing *Commonwealth* v. *Allen,* 378 Mass. 489, 497 (1979) ("where a stay has been denied by the trial judge and a single justice of the Appeals Court, the presumptive avenue for review is before a panel of the Appeals Court"). He did not do so, and we therefore "review summarily the decision of the single justice of this court for errors of law." *Sang Hoa Duong* v. *Commonwealth, supra.* See *Christian* v. *Commonwealth,* 446 Mass. 1003, 1004 (2006).[1] In denying Aguiar's motion, the single justice deferred to the decision of the trial judge and the two single justices of the Appeals Court. See *Commonwealth* v. *Hodge (No. 1),* 380 Mass. 851, 855-856 (1980). We are satisfied, after reviewing the record, that the single justice did not abuse his discretion or otherwise err.

*Judgment affirmed.*

*J.W. Carney, Jr.,* for the defendant.

*Kenneth E. Steinfield,* Assistant District Attorney, for the Commonwealth.

---

[1]The rules governing stay of execution of sentence pending appeal, Mass. R. Crim. P. 31, 378 Mass. 902 (1979), and Mass. R. A. P. 6, as appearing in 378 Mass. 924 (1979), were revised effective October 1, 2009. 454 Mass. 1501, 1601 (2009). Those amendments do not apply here, where the relevant proceedings occurred before that date. In the future, pursuant to Mass. R. A. P. 6, as appearing in 454 Mass. 1601 (2009), an application for a stay shall be filed in the appellate court to which the direct appeal is being taken. An order of a single justice of that court allowing or denying an application for a stay may be appealed, again to the appellate court where the appeal is pending, and any order by that appellate court "shall be final." Mass. R. A. P. 6 (b) (3).