WILLIAM POLK *vs.* COMMONWEALTH.

Suffolk. December 8, 2011. - January 10, 2012.

Present: CORDY, GANTS, DUFFLY, & LENK, JJ.

*Practice, Criminal,* Execution of sentence, Appeal, Judicial discretion. *Rules of Criminal Procedure. Rules of Appellate Procedure.*

This court concluded that a criminal defendant, whose motion to stay the execution of his sentence had been denied by a single justice of the Appeals Court, was entitled to file another motion to stay the execution of that sentence before a single justice of this court after direct appellate review was granted [252-254]; further, the single justice of this court, who had the discretion to decide the matter de novo, did not abuse his discretion in allowing the motion [254-255].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 14, 2010.

The case was heard by *Spina,* J.

*Max D. Stern* (*Alexandra H. Deal* with him) for William Polk.

*Tracey A. Cusick,* Assistant District Attorney, for the Commonwealth.

GANTS, J. The issue presented in this case is whether William Polk (defendant), whose motion to stay the execution of his sentence was denied by a single justice of the Appeals Court, may file another motion to stay the execution of his sentence before a single justice of the Supreme Judicial Court after direct appellate review is granted. We conclude that he may so proceed, and that the single justice may elect to consider de novo the defendant's application for a stay. Because we conclude that the single justice did not abuse his discretion in allowing the defendant's motion to stay the execution of sentence, we affirm.

*Background.* A jury convicted the defendant on two indictments charging statutory rape of his then fifteen year old niece. Immediately before sentencing, the defendant moved for a stay

of execution of sentence pending appeal. The trial judge denied the motion and sentenced the defendant to from four to five years in State prison on one conviction, and five years' probation with special conditions on the second conviction.

The defendant filed a timely notice of appeal and moved in the Appeals Court for a stay of execution of sentence. A single justice of the Appeals Court denied the motion for a stay without hearing or findings. The single justice's ruling was not appealed to the full Appeals Court. After the appeal from the underlying convictions was docketed in the Appeals Court, the defendant filed an application for direct appellate review, and the application was granted. Shortly after the defendant's appeal was transferred and docketed in this court, the defendant again filed a motion for a stay of execution of his sentence pending appeal — this time, before a single justice of this court. After a hearing, the single justice allowed the motion, and ordered that the defendant may "remain free of custody" on the posting of a $10,000 bail, subject to release conditions set forth in the memorandum and order. The Commonwealth now appeals from the decision of the single justice.

*Discussion.* The procedure for seeking a stay of execution of a sentence pending appeal is governed by Mass. R. Crim. P. 31, as appearing in 454 Mass. 1501 (2009); and Mass R. A. P. 6, as appearing in 454 Mass. 1601 (2009). Rule 31 (a) of the Massachusetts Rules of Criminal Procedure provides that an appeal "shall not stay the execution of the sentence unless the judge imposing it or, pursuant to Mass. R. A. P. 6, a single justice of *the court that will hear the appeal,* determines in the exercise of discretion that execution of said sentence shall be stayed pending the determination of the appeal" (emphasis added). Rule 6 (b) (1) of the Massachusetts Rules of Appellate Procedure provides that "[a] motion for such relief may be made to the single justice of *the appellate court to which the appeal is being taken*" (emphasis added). Rule 6 (b) (3) of the Massachusetts Rules of Appellate Procedure further adds that "[a]n order by the single justice . . . may be appealed to *the appellate court in which the appeal is pending*" (emphasis added).

The Commonwealth contends that under these rules, where a single justice of the Appeals Court has denied a defendant's

application for a stay of execution of sentence, and where the Supreme Judicial Court has taken the appeal on direct appellate review, a defendant may challenge the denial of the stay by the single justice only by appealing to the full Supreme Judicial Court, where the appeal is now "pending." We disagree.

Under the plain meaning of the language in our rules, a defendant is entitled to appeal from the trial judge's denial of a motion to stay the execution of sentence to a single justice of the appellate court "to which the appeal is being taken," Mass. R. A. P. 6 (b) (1), and "that will hear the appeal." Mass. R. Crim. P. 31 (b). Before the grant of direct appellate review, the appeal had been taken and was to be heard by the Appeals Court, but after the issuance of the order granting direct review, the appeal is taken and will be heard by this court, and the defendant is then entitled to appeal from the trial judge's denial of the stay to a single justice of this court.

This interpretation ensures that any appeal from the stay will be decided by a single justice of the court that will decide the appeal. This is sensible because a single justice deciding whether to order a stay of execution of sentence pending appeal must consider two factors: first, whether the defendant on appeal presents "an issue which is worthy of presentation to an appellate court, one which offers some reasonable probability of a successful decision," *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851, 855 (1980), quoting *Commonwealth* v. *Allen*, 378 Mass. 489, 498 (1979); and second, the risks raised by release — the possibility of flight, the potential danger to any person or to the community, and the likelihood the defendant will commit criminal acts during the pendency of the appeal. *Commonwealth* v. *Hodge (No. 1)*, *supra*. A single justice of the court that will decide the appeal is in the best position to determine whether there is "some reasonable probability of a successful decision."

Under the Commonwealth's interpretation of our rules, where, as here, the Supreme Judicial Court has taken the case on direct appellate review after a single justice of the Appeals Court has denied the defendant's motion for a stay of execution of sentence pending appeal, the defendant would need to appeal from the denial of the stay to the full Supreme Judicial Court, which must affirm it in the absence of an error of law or abuse of

discretion. *Commonwealth* v. *Hodge (No. 1)*, *supra* at 853. And if the defendant had unsuccessfully appealed from the decision of the single justice to the full Appeals Court while the appeal was pending in that court, the Supreme Judicial Court would be unable to grant a stay, regardless of the merits of the appeal, because "[a]n order by the appellate court in which the appeal is pending . . . shall be final." Mass. R. A. P. 6 (b) (3). We decline to interpret our rules to limit or bar our exercise of discretion in determining whether to stay the execution of the sentence of a defendant whose case is before us on direct or further appellate review, because we select these cases for a reason, which may bear on the "reasonable probability" the defendant will prevail on appeal. See G. L. c. 211A, § 10 (criteria for granting direct appellate review); G. L. c. 211A, § 11 (further appellate review may be granted "for substantial reasons affecting the public interest or the interest of justice").

Our interpretation applies to both the defendant and the Commonwealth. Where a single justice of the Appeals Court grants a stay of execution, and this court grants direct or further appellate review, the Commonwealth can move before a single justice of this court to revoke the stay.

The Commonwealth correctly notes that the 2009 revisions to Mass. R. A. P. 6 and Mass. R. Crim. P. 31 were designed to change prior practice, which allowed a defendant whose motion for a stay of execution pending appeal had been denied by a single justice of the Appeals Court "the option of seeking relief both by appealing the decision in that court and asking a single justice of the Supreme Judicial Court to entertain the matter." Mass. R. A. P. 6, Reporters' Notes (2009) to rule 6, Mass. Ann. Laws Court Rules, Rules of Appellate Procedure at 26 (Lexis-Nexis 2011-2012). See *Sang Hoa Duong* v. *Commonwealth*, 434 Mass. 1006, 1007-1008 & n.5 (2001). The denial of this option was intended to apply to the vast majority of criminal appeals that are decided only by the Appeals Court, not to the relatively few criminal cases that are taken by the Supreme Judicial Court on direct or further appellate review.

For these reasons, the single justice of this court correctly ruled that he had jurisdiction to decide the defendant's appeal from the denial of his motion for a stay of execution pending

appeal, and that he could elect to decide the matter de novo. See *Commonwealth* v. *Cohen (No. 2)*, 456 Mass. 128, 133 (2010) ("single justice *may* undertake an independent review and independent exercise of discretion on the question whether a stay should be granted or denied, but is not in any way obligated to do so, and may choose simply to review the determination of a trial judge for any abuse of discretion" [emphasis in original]). Having concluded that the single justice had the discretion to decide this matter de novo, we further conclude that the single justice did not abuse his discretion in allowing the defendant's motion to stay the execution of his sentence pending appeal, and imposing bail and conditions of release. We therefore affirm the decision of the single justice.

*So ordered.*