NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11946


COMMONWEALTH  vs.  BRANDEN E. MATTIER.



Suffolk.     January 7, 2016. - May 2, 2016.

Present:  Gants, C.J., Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.


Practice, Criminal, Execution of sentence, Sentence.



Indictments found and returned in the Superior Court
Department on August 29, 2013.

A pretrial motion to suppress evidence was heard by Kenneth
W. Salinger, J.; the cases were tried before Jeffrey A. Locke,
J.; and a motion for stay of execution of sentence was
considered by Locke, J.

A motion for stay of execution of sentence filed in the
Supreme Judicial Court was referred to Spina, J., and was
considered by him.


Rebecca A. Jacobstein, Committee for Public Counsel
Services, for the defendant.
Randall E. Ravitz, Assistant Attorney General (Gina
Masotta, Assistant Attorney General, with him) for the
Commonwealth.


HINES, J.  The defendant, Branden E. Mattier, was convicted

by a jury on three indictments charging conspiracy, G. L.

c. 274, § 7; attempted larceny, G. L. c. 274, § 6; and identity fraud, G. L. c. 266, § 37E, respectively.  The charges stemmed from an attempt by the defendant and his half-brother to defraud One Fund Boston, Inc. (One Fund),[1] of approximately $2 million by claiming that a long-deceased aunt had been injured in the 2013 bombing at the finish line of the Boston Marathon.  The judge imposed a State prison sentence of from three years to three years and one day on the conspiracy charge and concurrent sentences of three years' probation for the attempted larceny and identity fraud charges, to run from and after the committed sentence.

The defendant appealed from his convictions and filed in the trial court a motion for stay of the execution of his sentence pending appeal.  The judge denied the motion.  After his appeal was docketed in the Appeals Court, the defendant filed a motion for stay of the execution of the sentence in that court.  We granted the defendant's application for direct appellate review of his appeal, and thereafter, the defendant filed a motion for stay in this court.  The matter was referred to the single justice, who denied the motion.  The defendant filed this appeal from the single justice's order, together with

---

[1] One Fund Boston, Inc., was established as a charitable organization to collect and distribute funds to assist the victims of the April, 2013, Boston Marathon bombing.

a motion for an expedited ruling.[2]  In response to the defendant's motion for an expedited ruling on his appeal from the single justice's order denying the stay, we now address separately the merits of that aspect of his appeal.

Analysis.  We review the single justice's order denying a motion for stay to determine (1) "whether the single justice committed error of law in declining to make an independent exercise of discretion on the issue of the stay of execution, in place of that made by the trial judge"; and (2) whether the single justice erred in ruling that the trial judge's action on the motion to stay was not an abuse of discretion.  Commonwealth v. Hodge (No. 1), 380 Mass. 851, 852 (1980).  The single justice and the trial judge, as they were entitled to do, denied relief without explanation.  See Commonwealth v. Cohen (No. 2), 456 Mass. 128, 132-133 (2010).

When considering the merits of a motion to stay the execution of a sentence, two factors are considered:  (1) whether the defendant's appeal presents "an issue which is worthy of presentation to an appellate court, one which offers some reasonable possibility of a successful decision," Commonwealth v. Allen, 378 Mass. 489, 498 (1979), quoting

---

[2] The defendant's appeal from the convictions has not been consolidated with his appeal from the single justice's order declining to stay execution of his sentence.

Commonwealth v. Levin, 7 Mass. App. Ct. 501, 504 (1979); and (2) "whether the defendant's release poses a security risk," Commonwealth v. Charles, 466 Mass. 63, 77 (2013). The first prong is a "pure question of law or legal judgment." Allen, supra, citing Levin, supra at 505. Without in any way prejudging the merits of the defendant's direct appeal, we are not persuaded that he has met his burden to establish a "reasonable possibility of . . . success[]" such that the single justice's denial of the motion to stay was an abuse of discretion.[3]

To prevail on this aspect of his appeal from the single justice's order, the defendant must demonstrate a reasonable possibility of success on his challenge to the conspiracy conviction, the crime for which the judge imposed the committed portion of the sentence. The defendant makes two arguments in his attempt to meet this burden: (1) the evidence supporting the conspiracy conviction was secured as the result of an unlawful arrest on the identity fraud charge and should not have been admitted at trial; and (2) the remaining evidence offered by the Commonwealth to prove the conspiracy charge was "virtually non-existent." Where, as here, the success of the

---

[3] Because of our conclusion regarding the reasonable likelihood of success, we do not analyze whether the defendant poses a security risk.

defendant's appeal from the conspiracy conviction depends in large part on the validity of the identity fraud conviction, the defendant's burden is to demonstrate as well a reasonable possibility of success on his appeal from the identity fraud conviction and that reversal of the identity fraud conviction vitiates the conspiracy conviction. We are not persuaded that he has done so.

The defendant contends that the conviction fails as a matter of law on two grounds: (1) the forgery of a physician's letter submitted as part of the fraudulent One Fund claim does not meet the statutory requirement that the defendant "pose as [another] person"; and (2) the defendant did not obtain anything of value while posing as that physician. Building on this argument, the defendant contends that the evidence seized as a result of the warrantless arrest on the identity fraud and attempted larceny charges must be suppressed. The motion to suppress was erroneously denied, so the argument goes, because in the absence of conduct implicating the identity fraud statute, the police had no probable cause for the arrest on that charge and the warrantless arrest for attempted larceny, a misdemeanor, cannot stand.

We conclude that regardless of the merits of the appeal from the identity fraud conviction, the denial of the stay was not an abuse of discretion where the evidence was lawfully

seized on an alternative ground.  More specifically, the information contained in the affidavit in support of the search warrant application established probable cause to arrest the defendant for attempted larceny and authorized the search of the defendant at the time of the arrest.  In particular, the affidavit contained the following information establishing probable cause for the attempted larceny arrest:  (1) On June 12, 2013, the defendant submitted a claim on behalf of Onevia Bradley for injuries alleged to have occurred at the site of the Boston Marathon bombing on April 15, 2013; (2) the claim incorporated a forged letter purporting to be from Peter A. Burke, M.D., at the Boston Medical Center; and (3) Bradley died on May 19, 2000.  We conclude, based on the affidavit, that the police had probable cause for the arrest and that the subsequent search was lawful.  Also, the warrant expressly authorized the seizure of mobile devices and the search of the defendant at the residence where the arrest took place.

Last, where the defendant's cellular telephone was lawfully seized, the cellular telephone text messages implicating the defendant in the conspiracy as charged were properly admitted at trial.  Thus, the defendant's failure to make the requisite showing as to the conspiracy conviction is fatal to his claim for a stay pending appeal.

Accordingly, we conclude that the single justice did not

err in finding that the trial judge did not abuse his discretion in denying the defendant's motion for stay.  Nor do we discern any abuse of discretion by the single justice in electing not to exercise independent discretion in review of the trial judge's order.  We therefore affirm the decision of the single justice.

<u>So ordered</u>.