After a jury trial, the defendant was convicted of manslaughter and distribution of a class A controlled substance. For his heroin distribution conviction, the judge sentenced the defendant to two and one-half years in the house of correction, one year to serve with the balance suspended for five years with conditions, and for his manslaughter conviction, the defendant was placed on probation for a period of five years following the period of incarceration. The defendant's motion to stay his sentence pending appeal was denied by the trial judge. Thereafter, the defendant was denied a similar stay by a single justice of this court, which is the subject of this appeal. We affirm.
"We review the single justice's order denying a motion for stay to determine (1) 'whether the single justice committed error of law in declining to make an independent exercise of discretion on the issue of the stay of execution, in place of that made by the trial judge'; and (2) whether the single justice erred in ruling that the trial judge's action on the motion to stay was not an abuse of discretion." Commonwealth v. Mattier (No. 1), 474 Mass. 227, 228 (2016), quoting from Commonwealth v. Hodge (No. 1), 380 Mass. 851, 852 (1980). When evaluating the underlying merits of a motion to stay a sentence pending appeal, we consider two factors: (1) whether the defendant's appeal presents "an issue which is worthy of presentation to an appellate court, one which offers some reasonable possibility of a successful decision," Commonwealth v. Allen, 378 Mass. 489, 498 (1979), quoting from Commonwealth v. Levin, 7 Mass. App. Ct. 501, 504 (1979) ; and (2) "whether the defendant's release poses a security risk." Commonwealth v. Charles, 466 Mass. 63, 77 (2013).
Here, the defendant claims that two trial errors will entitle him to relief on appeal. First, he asserts that it was error for the judge not to instruct the jury on the lesser included offense of joint venture possession of heroin. Essentially, the defendant claims the instruction should have been given because there was simply no evidence that he was a drug dealer, hoped to gain anything in exchange for his actions, or had any intent other than for him and the victim to possess heroin for their own personal use. We disagree.
Contrary to the defendant's claim, distribution may be achieved even if one is not a "drug dealer." Here, the evidence demonstrated that the defendant acquired the heroin in New York and delivered it in Massachusetts to the victim. Although the victim had hoped to obtain ten bags of heroin, the defendant delivered only nine bags because the victim did not have enough money to pay for the tenth bag. Thereafter, the two parted company and did not together use the drugs. In other words, there was no joint possession of the heroin. See Commonwealth v. Johnson, 413 Mass. 598, 604 (1992). Instead, "to purchase [narcotics], even with friends' money, intending to transfer it to them, constitutes distribution within the meaning of the trafficking statute." Id. at 605. See Commonwealth v. Rodriguez, 456 Mass. 578, 584 n.8 (2010).
Contrary to the defendant's argument, the Supreme Judicial Court's decision in Commonwealth v. Zanetti, 454 Mass. 449, 461-468 (2009), did not implicitly change the defense of joint possession by eliminating the requirement that joint possessors be present at the time of acquisition. Prior to Zanetti, a joint venture could be proved without showing that the joint venturer was physically present at the scene of the crime. See Commonwealth v. Ortiz, 424 Mass. 853, 856 (1997) ; Commonwealth v. Tavares, 61 Mass. App. Ct. 385, 388-389 (2004). Indeed, the court had reaffirmed that principle in Commonwealth v. Raposo, 413 Mass. 182, 184-185 (1992), released less than four months before its decision in Johnson. Accordingly, the court's decision in Zanetti provides no reason to question the requirement of joint presence at the time of acquisition to make out the joint possession defense. See Commonwealth v. Fluellen, 456 Mass. 517, 524-525 (2010) (defendant "distributed" cocaine to undercover police officer even though he hoped to share in the cocaine that he delivered).
The defendant's second claim in his brief to this court is that the evidence was insufficient to support his manslaughter conviction. However, the single justice did not address this issue, and the defendant clarified at oral argument before the panel that he does not seek a stay on this ground. Even though the claim is waived, it has been briefed by the parties, so we address it in the alternative.
In the light most favorable to the Commonwealth, the defendant delivered heroin to the victim (a drug user), who then injected himself, suffered an overdose, and died. The case law supports a conclusion that that this type of conduct presents such a high likelihood of death that it constitutes wanton or reckless conduct, which justifies a manslaughter conviction. See Commonwealth v. Catalina, 407 Mass. 779, 790-792 (1990) ; Commonwealth v. Vaughn, 43 Mass. App. Ct. 818, 821-823 (1997) (applying Catalina in the context of sufficiency of the evidence).
That there was no evidence that the defendant knew the strength of heroin he sold or that the victim would be necessarily endangered by the heroin the defendant provided, does not render the evidence insufficient. Manslaughter may be proven objectively. Indeed, under Commonwealth v. Welansky, 316 Mass. 383, 398-399 (1944), "a defendant's subjective awareness of the reckless nature of his conduct is sufficient, but not necessary, to convict him of involuntary manslaughter. Conduct which a reasonable person, in similar circumstances, would recognize as reckless will suffice as well." Catalina, supra at 789.
Also contrary to the defendant's claim, the evidence was not rendered insufficient because the victim, and not the defendant, injected himself with the lethal dose. While it is true that the defendant in Vaughn injected the victim, which made for a compelling case of manslaughter, that fact by no means was dispositive. Vaughn, supra at 823. Indeed, in Catalina, the Supreme Judicial Court rejected a similar argument where the defendant claimed that the causal link between the heroin sale and the victim's death was broken by the victim's intervening conduct of injecting herself. Catalina, supra at 791. The court in Catalina held that after selling heroin to an addict, it was untenable to suggest that consumption of that heroin was not "a reasonably foreseeable" consequence. Ibid. We therefore conclude that there was neither an error of law nor an abuse of discretion in denying the stay.[2]
Order of single justice denying stay affirmed.

Because the two prerequisites for obtaining a stay pending appeal are conjunctive, we need not address whether the defendant's release would poses a security risk.