COMMONWEALTH vs. BARRY W. HODGE (No. 1).

Suffolk. March 6, 1980. — June 12, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.

*Practice, Criminal,* Execution of sentence, Appeal, Judicial discretion.

A single justice of this court was not required to make an independent
    exercise of discretion when presented with the Commonwealth's mo-
    tion to revoke a stay of execution of sentence granted by a trial judge.
    [852-855]
Where certain issues raised on appeal from a murder conviction were not
    frivolous, a single justice of this court did not err in ruling that the trial
    judge had not abused his discretion in granting a stay of execution
    pending appeal. [855-856]

INDICTMENT found and returned in the Superior Court
Department on June 11, 1979.

The case was tried before *Alberti*, J.

A motion filed in the Supreme Judicial Court for the
county of Suffolk to revoke stay of execution was heard by
*Wilkins*, J.

*Harry L. Miles*, Assistant District Attorney, for the Com-
monwealth.

*David O. Burbank* for the defendant.

HENNESSEY, C.J. The defendant was indicted on a
charge of murder in the first degree and convicted, after
trial to a jury, of murder in the second degree. He was sen-
tenced to a mandatory term of imprisonment for life. After
he was sentenced, the defendant filed motions for a finding
of not guilty and, alternatively, for a new trial, both of
which were denied by the trial judge. The defendant's sep-
arate motion for new trial was also denied. The defendant's
additional motion for a stay of execution of sentence pend-
ing appeal was granted by the judge, who freed the defend-
ant upon $60,000 surety. The Commonwealth thereupon

presented a motion to the county court to revoke the stay. The motion was denied by a single justice and the Commonwealth now appeals from the denial of that motion.

The following issues are raised by this appeal: (1) whether the single justice committed error of law in declining to make an independent exercise of discretion on the issue of the stay of execution, in place of that made by the trial judge; (2) whether the trial judge abused his discretion in finding that there is a reasonable likelihood of success on the defendant's appeal so as to warrant a stay of execution of sentence pending appeal.

We conclude that the single justice was not required to make an independent exercise of discretion and therefore properly chose to rule merely on whether the trial judge abused his discretion by granting the stay. Furthermore, the judge did not abuse his discretion in granting the stay on the ground that the defendant's appeal had a reasonable likelihood of success. Therefore, we affirm the order of the single justice declining to revoke the stay of execution of sentence granted by the trial judge.

The facts may be summarized briefly as follows. On June 8, 1978, the defendant, according to his own testimony, shot and killed Russell D. Eugin with a .38 caliber revolver. At that time the defendant was living with Eugin's former wife and the two Eugin children. The victim had called the defendant's house and said he was coming over. The defendant went out to meet the victim as he drove up. The victim got out of his car and threatened to kill the defendant. A fist fight ensued in the course of which the victim picked up a pitchfork and advanced on the defendant with it. The defendant retreated and drew his revolver. During the defendant's struggle to avert the pitchfork the gun discharged, killing the victim. According to the findings of the trial judge (set out in his order denying the defendant's motions for a finding of not guilty and for a new trial) there also was evidence from which the jury could have drawn the inference and reached a decision that the defendant shot Eugin from ambush.

The single justice wrote as follows in his memorandum concerning the denial of the Commonwealth's motion to revoke the stay of execution. "In this situation, a Superior Court Justice has granted a stay of execution. The issue before me is not whether I would have done so, but whether there is any error of law or abuse of discretion in his decision. The Commonwealth has the burden because it is challenging the judge's decision. I am unable to conclude that the Judge committed an error of law or abused his discretion. Therefore, an order will be entered denying the Commonwealth's motion to revoke the stay of execution."

It is clear that, in denying the Commonwealth's motion to revoke the stay of execution of sentence, the single justice did not make an independent exercise of discretion. Review upon this appeal of the action of the single justice is limited to correction of abuse of discretion or error of law. *Commonwealth* v. *Allen*, 378 Mass. 489, 496 (1979). There is no such abuse or error on the part of the single justice.

The rule governing stays of execution of sentences of imprisonment is Mass. R. Crim. P. 31 (a), 378 Mass. 902 (effective July 1, 1979), which reads in pertinent part as follows: "If a sentence of imprisonment is imposed upon conviction of a crime, the entry of an appeal shall not stay the execution of the sentence unless the judge imposing it or a judge of the Supreme Judicial Court or the Appeals Court determines in his discretion that execution of said sentence shall be stayed pending the final determination of the appeal." The Commonwealth argues that this language requires that a single justice exercise his independent discretion when presented with the Commonwealth's motion to revoke a stay of execution of sentence granted by a trial judge.[1] However, giving the language its ordinary mean-

---

[1] General Laws c. 279, § 4, governed stays of execution of sentence for crimes not punishable by death, prior to July 1, 1979, the effective date of Mass. R. Crim. P. 31 (a), 378 Mass. 902. The former version of § 4, as amended through St. 1972, c. 740, § 17, contained the following language: "If sentence is imposed upon conviction of a crime not punishable by death, the reservation, filing or allowance of exceptions or the entry of

ing, *Burke* v. *Chief of Police of Newton,* 374 Mass. 450, 452 (1978), we find no such mandate. By its terms the rule refers only to the means by which a stay of execution of sentence can be brought about, and not to the situation in which the Commonwealth moves to revoke a stay. This rule contains essentially the same language as the former G. L. c. 279, § 4; see note 1, *supra.* Therefore, in order properly to apply this rule in the instant case, we must examine the previous judicial interpretations of that statute.

As we explained in *Commonwealth* v. *Allen,* 378 Mass. 489, 496 (1979), "it is clear that G. L. c. 279, § 4, confers discretionary power to stay the execution of sentence pending appeal. The power *may be* exercised by the sentencing judge, by a single justice of the Appeals Court, or by a single justice of this court. The power is not exhausted when a judge or Justice decides to *grant or deny* a stay; nor is there any doctrine of election precluding application to a Justice of one court after a judge of another court has acted. . . . Each judge or Justice *has the power* to consider the matter anew, taking into account facts newly presented, and to exercise his own judgment and discretion" (emphasis supplied). As this language from *Allen* demonstrates, G. L. c. 279, § 4, was applicable to a case in which a stay had been granted by the trial judge and was challenged before a single justice of this court. Moreover, we had interpreted the statute to grant independent discretionary power to each judge or Justice to whom the matter was presented, but we had not interpreted it to require the exercise of that power in each instance.

---

an appeal shall not stay the execution of the sentence unless the justice imposing it, or a justice of the supreme judicial court or a justice of the appeals court, determines in his discretion that execution of said sentence should be stayed pending the final determination of such exceptions or appeal . . . ." This provision was deleted by St. 1979, c. 344, §§ 49, 51, effective July 1, 1979 (prior to the action of the single justice in this case).

Although both parties inappropriately focus their arguments on the language of this former version of G. L. c. 279, § 4, their arguments fairly raise the issue of the applicability and construction of the similar language of rule 31 (a), which became effective on the same day that the amendment of G. L. c. 279, § 4, took effect.

There are two distinct categories of considerations which should govern the exercise of discretion of the single justice. There are those relating to security, such as the possibility of flight to avoid punishment; potential danger to any other person or to the community; and the likelihood of further criminal acts during the pendency of the appeal. The relevant factors here include familial status, roots in the community, employment, prior criminal record, and general attitude and demeanor. These considerations involve determinations of fact and the exercise of sound, practical judgment, and common sense. The exercise of discretion by the trial judge will be upheld unless it is shown that he abused that discretion. See *Commonwealth* v. *Allen,* 378 Mass. 489, 497-498 (1979); *Commonwealth* v. *Levin,* 7 Mass. App. Ct. 501, 505 (1979). Therefore, as concerns this category of consideration it is clear that the single justice acted properly in declining to substitute his discretion for that of the trial judge.

The second relevant category of consideration for the single justice in the instant case concerns the likelihood of success on the merits of the appeal. In order for a stay of execution to be granted, the appeal must present "'an issue which is worthy of presentation to an appellate court, one which offers some reasonable possibility of a successful decision in the appeal.'. . . Application of that standard presents a reviewing court with a pure question of law or legal judgment . . . and . . . the reviewing court *may* exercise its own judgment . . ." (emphasis supplied). *Commonwealth* v. *Allen,* 378 Mass. 489, 498 (1979), quoting from *Commonwealth* v. *Levin, supra* at 504.

Nevertheless, even in this second category we have never held that the single justice is required to make an independent discretionary judgment in every situation. In a case where the trial judge has refused to grant a stay, the need for the single justice to exercise his independent discretion on the defendant's application may be particularly acute. See *Commonwealth* v. *Allen, supra.* "The practice is grounded in rudimentary notions of justice, for the right of

appeal, which our law accords all persons convicted of crime, would otherwise be made nugatory in the case of a short sentence, and would be impaired in the case of a larger sentence: The conviction may be reversible, but the time spent in prison is not." *Commonwealth* v. *Levin*, 7 Mass. App. Ct. 501, 512-513 (1979).

On the other hand, in a case such as the one at bar, where a stay has been granted, no rights of the defendant are endangered. By releasing the defendant on bail, the trial judge has necessarily determined, on the basis of firsthand and complete information concerning the conduct of the trial, that the appeal is worthy of presentation to an appellate court.[2] The discretionary judgment of the trial judge in conjunction with the examination by the single justice for abuse of discretion or error of law provides sufficient protection in such a case for the Commonwealth's interests in the public safety and the swift punishment of the convicted. Therefore, the single justice acted properly when, finding no errors of law or abuse of discretion, he deferred to the judgment of the trial judge.

The Commonwealth's final contention is that it was an abuse of discretion for the trial judge to grant the stay because the defendant's appeal had no reasonable likelihood of success, and that therefore the single justice erred in declining to revoke the stay. A brief review of the most substantial issues raised by the defendant, without in any way prejudging the merits of the defendant's full appeal, demonstrates that no such abuse occurred. For example, the defendant argues that the trial judge instructed the jury erroneously on the concept of malice when he said, inter alia, that "malice is implied from any deliberate or cruel crime against another." The defendant also raises a possibly successful evidentiary contention. He argues, on grounds of ir-

---

[2] By contrast, the single justice was in a disadvantageous position to perform a de novo review of the trial judge's decision because he received neither a trial transcript nor a transcript of the hearing on the motion to stay execution of the sentence.

relevancy and undue prejudice, that the Commonwealth should not have been allowed to introduce evidence that the defendant, during his training as a police officer, had shot at human silhouettes with a "maximum score circle" located in the heart area. We cannot say that each of these issues is so frivolous that the judge must have abused his discretion by deeming the case worthy of presentation to an appellate court.

For the foregoing reasons we conclude that the single justice did not err in declining to make an independent exercise of discretion on the Commonwealth's application, nor did he err in ruling that the trial judge had not abused his discretion in granting the stay of execution. Therefore, we affirm the order of the single justice denying the Commonwealth's motion to revoke the stay of execution.

*So ordered.*