The case was submitted on the papers filed, accompanied by a memorandum of law.

*David James Wyatt,* pro se.

---

COMMONWEALTH *vs.* ANSELMO AVILES. May 9, 1996. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Execution of sentence. *Bail.*

The defendant appeals from a judgment entered by a single justice of this court pursuant to G. L. c. 211, § 3 (1994 ed.). That judgment substantially increased the amount of bail and altered the terms and conditions that an Appeals Court single justice had set in ordering that execution of the

defendant's sentence be stayed pending his appeal. That appeal, which we are advised has been heard in the Appeals Court but not decided, is from an order denying the defendant's motion for a new trial that was entered after the trial judge held a hearing pursuant to the Appeals Court's direction in *Commonwealth* v. *Aviles,* 31 Mass. App. Ct. 244, 249 (1991).

The trial judge denied the defendant's motion for a stay of sentence and release on bail pending appeal. The defendant then moved in the Appeals Court single justice session for a stay of sentence pending his appeal. An Appeals Court justice ordered a stay of sentence and directed that the defendant be admitted to bail on the terms and conditions that existed prior to sentencing but subject to further stated conditions. The Commonwealth appealed from that order to the full bench of the Appeals Court and then sought relief under G. L. c. 211, § 3, from that order from a single justice of this court. The Commonwealth did not ask the Appeals Court single justice for a stay of her order, nor did the Commonwealth ask the Appeals Court to stay its single justice's order pending an expedited appeal from that order.

The single justice of this court held a hearing on the Commonwealth's petition to vacate the order of the Appeals Court single justice, entered a judgment that rejected bail in the amount established before trial and fixed bail at a higher figure (surety bond only), imposing other conditions. The Commonwealth complains before us about some of the conditions of the stay and the granting of a stay at all, but the Commonwealth has not appealed from the judgment of the single justice of this court. We need not, therefore, consider the Commonwealth's objections. The Commonwealth withdrew its appeal to the full court of the Appeals Court after the single justice of this court entered the judgment from which the defendant appeals.

The defendant states in his brief that this "appeal is addressed to the limited and narrow issue presented, that is, whether or not the Commonwealth's Petition under [G. L. c. 211, § 3] was the proper vehicle to seek relief." The answer is that the single justice had discretion and authority to consider the Commonwealth's petition. In *Commonwealth* v. *Allen,* 378 Mass. 489 (1979), the court said that G. L. c. 279, § 4, as amended through St. 1972, c. 740, § 17, conferred discretionary power to stay execution of sentence pending appeal on the sentencing judge, a single justice of the Appeals Court, and a single justice of this court. *Id.* at 496. "Each judge or Justice has the power to consider the matter anew, taking into account facts newly presented, and to exercise his [or her] own judgment and discretion." *Id.* This principle applies at the appellate court level to situations in which a stay has been allowed as well as to situations in which a stay has been denied. See *id.* at 501 (Quirico, J., concurring). See also *Commonwealth* v. *Hodge (No. 1),* 380 Mass. 851, 852 (1980) (in Commonwealth's challenge to trial court order allowing stay of execution of sentence pending appeal, single justice need not undertake independent exercise of discretion on issue of stay of execution). Rule 31 of the Massachusetts Rule of Criminal Procedure, 378 Mass. 902 (1979), which concerns stays of execution of sentence, reflects these principles. See *Commonwealth* v. *Hodge (No.1), supra* at 853-854.

It may be preferable for a single justice of this court to decline to act on

a request for a stay pending appeal, leaving (or perhaps transferring) the issue in the court where the underlying appeal will be heard. See *Commonwealth* v. *Allen, supra* at 497. There is, however, no duty to do so. The single justice acted within the authority granted.

*Judgment affirmed.*

*Conrad W. Fisher* for the defendant.

*Sandra L. Hautanen*, Assistant District Attorney, for the Commonwealth.