Commonwealth *v.* Cohen (No. 2).

---

COMMONWEALTH *vs.* DAVID M. COHEN (No. 2).[*]

Suffolk. September 9, 2009. - February 17, 2010.

Present: MARSHALL, C.J., IRELAND, CORDY, BOTSFORD, & GANTS, JJ.

*Rules of Appellate Procedure. Practice, Criminal,* Execution of sentence.

In ruling on a motion for a stay of execution of a sentence of incarceration pending appeal, a single justice of the Appeals Court has the authority to review de novo the issue whether the defendant poses a security risk. [131-133]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 16, 2009.

The case was heard by *Spina,* J.

*Wendy H. Sibbison* for the defendant.

*Stephanie Martin Glennon,* Special Assistant District Attorney (*George R. Jabour,* Special Assistant District Attorney, with her) for the Commonwealth.

BOTSFORD, J. In July, 2007, the defendant was convicted of attempted extortion, G. L. c. 265, § 25; intimidation of a witness, G. L. c. 268, § 13B; and filing a false police report, G. L. c. 268, § 6. His appeal from those convictions is the subject of our decision in *Commonwealth* v. *Cohen (No. 1), ante* 94 (2010). On April 15, 2009, a single justice of the Appeals Court allowed the defendant's renewed motion to stay execution of sentence pending appeal. Thereafter, acting on the Commonwealth's petition pursuant to G. L. c. 211, § 3, a single justice of this court vacated the April 15 order staying execution of the sentence. The defendant brings this appeal from the order of this court's single justice. We vacate the order of the single justice, and reinstate the order of the single justice of the Appeals Court.[1]

---

[*]This opinion, which was originally released on January 7, 2010, was temporarily withdrawn by the court and has been republished — REPORTER'S NOTE.

[1]On October 9, 2009, this court issued, without opinion, an order in this

*Procedural history.* On July 30, 2007, a Superior Court jury convicted the defendant of the crimes listed above. The defendant, a former Stoughton police sergeant and an attorney, had not been held in custody while the case was pending in the Superior Court, and the trial judge declined to order the defendant to be taken into custody pending sentencing, rejecting the Commonwealth's claim that he posed a danger to his community. The judge imposed conditions on his release, including a requirement that he submit to being monitored with a global positioning system (GPS).[2]

On August 10, 2007, the defendant filed a motion for a new trial, claiming that the exclusion of his friends and supporters from the jury selection proceedings at his trial violated his right to a public trial pursuant to the Sixth Amendment to the United States Constitution. On August 24, he moved to stay the execution of his sentence pending appeal. On August 27, the judge denied the motion for a stay without findings or a statement of reasons, and sentenced the defendant to concurrent State prison terms of from two and one-half to three years on the two charges of intimidation of a witness, a concurrent sentence of one year in a house of correction on the charge of filing a false police report, and a sentence of three years' probation on the charge of attempted extortion.

On August 28, 2007, the defendant filed a notice of appeal from his convictions, and also petitioned a single justice of the Appeals Court to stay the execution of his sentence pending appeal pursuant to Mass. R. Crim. P. 31 (a), 378 Mass. 902 (1979), and Mass. R. A. P. 6, as appearing in 378 Mass. 930 (1979).[3] The single justice denied the defendant's petition on September

appeal and in the defendant's appeal from his conviction, see *Commonwealth v. Cohen (No. 1), ante* 94 (2010), staying execution of the defendant's sentence pending our decisions in the two appeals.

[2]The other conditions — most of which had been imposed as conditions of the defendant's pretrial release — included a requirement that the defendant remain in the town of Stoughton, surrender firearms and permits, stay away from the Stoughton police department, and refrain from intimidating or contacting witnesses or police officers.

[3]We apply the versions of Mass. R. Crim. P. 31 and Mass. R. A. P. 6 in effect when the relevant events occurred. Effective October 1, 2009, amendments to these rules changed the procedure available to the parties after a trial judge acts on a motion for a stay. See Mass. R. Crim. P. 31, as amended, 454 Mass.

11, concluding that the trial judge did not abuse her discretion in declining to grant a stay and deferring to her implicit judgment as to whether the defendant posed a security risk.[4]

The judge denied the defendant's motion for a new trial on June 27, 2008, and the defendant thereafter filed with the single justice of the Appeals Court a renewed motion for a stay of execution of sentence. On October 1, 2008, the single justice denied that motion, determining that "questions of law and fact leave the defendant short of a 'reasonable possibility of success' necessary for a stay of execution of the remainder of his sentence." However, he concluded that the public trial question raised by the defendant presented "a new issue of a constitutional nature warranting expedited appellate treatment," and allowed the defendant's motion for expedited panel review of his order.

On April 8, 2009, in a decision issued pursuant to its rule 1:28, a panel of the Appeals Court vacated so much of the single justice's order as denied the defendant's renewed motion for a stay on the ground that it failed to present a meritorious appellate issue. The panel allowed the defendant to seek clarification from the single justice on the security issue. *Commonwealth* v. *Cohen*, 74 Mass. App. Ct. 1103 (2009). The defendant filed a motion before the single justice of the Appeals Court "for clarification or for decision on security," and again sought a stay of sentence pending appeal. On April 15, the single justice allowed the defendant's motion for a stay. He concluded that the decision by the panel of the Appeals Court satisfied the requirement of presenting an issue with a chance of success on the merits, and that with respect to the issue of security, the defendant did not pose a risk to the community or a risk of flight to avoid punishment.[5] Based

1501 (2009); Mass. R. A. P. 6, as amended, 454 Mass. 1601 (2009). Under the amended rules, either the defendant or the Commonwealth may seek relief from a single justice of the court that will hear the appeal. See Mass. R. Crim. P. 31 (a); Mass. R. A. P. 6 (b) (1). Rule 6 (b) (3) of the Massachusetts Rules of Appellate Procedure provides, "An order by the single justice allowing or denying an application for a stay may be appealed to the appellate court in which the appeal is pending. An order by the appellate court in which the appeal is pending, allowing or denying an application for a stay, shall be final."

[4]Additional proceedings not determinative of the issues raised here took place before single justices of both the Appeals Court and this court.

[5]On the question of security, the single justice considered the factors set

on these facts, the single justice ordered a stay of execution of the defendant's sentence pending appeal.

The Commonwealth filed a petition pursuant to G. L. c. 211, § 3, in the county court for relief from the stay of sentence ordered by the single justice of the Appeals Court. On April 30, 2009, a single justice of this court allowed the petition and vacated the order of the single justice of the Appeals Court. The single justice read the court's decision in *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851, 855 (1980) (*Hodge*), to mean that in ruling on a motion for stay of sentence pending appeal, a single justice did not have authority to review de novo the issue of security. The defendant appealed to this court from the order of the single justice.

*Discussion.* Rule 6 (a) (1) of the Massachusetts Rules of Appellate Procedure directs that Mass. R. Crim. P. 31 (a) is to govern a motion to stay execution of a sentence pending appeal. Rule 31 (a) states in relevant part:

> "If a sentence of imprisonment is imposed upon conviction of a crime, the entry of an appeal shall not stay the execution of the sentence unless the judge imposing it *or* a judge of the Supreme Judicial Court or the Appeals Court determines *in his discretion* that execution of said sentence shall be stayed pending the final determination of the appeal" (emphasis added).[6]

This rule, like its statutory predecessor, G. L. c. 279, § 4, "confers discretionary power to stay the execution of sentence pending appeal. The power may be exercised by the sentencing

forth in *Commonwealth* v. *Hodge (No. 1)*, 380 Mass. 851, 855 (1980) (*Hodge*), namely, "familial status, roots in the community, prior criminal record, and general attitude and demeanor." He noted that the defendant had remained free and had complied with security conditions for the twenty-nine months between arraignment and the end of trial. He also noted that the judge allowed the defendant to remain free for an additional month between trial and sentencing, with the added conditions of global positioning system monitoring and an order to remain in Stoughton. The single justice found that the defendant was a long-time resident of Stoughton; on release would reside with his wife and son in proximity to his parents, siblings, and other family members; had a job offer; had no prior criminal record; and had served twenty months of his sentence with no infractions or difficulties.

[6]See note 3, *supra.*

judge, by a single justice of the Appeals Court, or by a single justice of this court. The power is not exhausted when a judge or Justice decides to grant or deny a stay; nor is there any doctrine of election precluding application to a Justice of one court after a judge of another court has acted." *Commonwealth* v. *Allen*, 378 Mass. 489, 496 (1979) (*Allen*). "Each judge or Justice has the power to consider the matter anew, taking into account facts newly presented, and to exercise his own judgment and discretion." *Id.* See *Commonwealth* v. *Aviles*, 422 Mass. 1008, 1009 (1996) (*Aviles*) ("In *Commonwealth* v. *Allen*, 378 Mass. 489 [1979], the court said that G. L. c. 279, § 4 . . . conferred discretionary power to stay execution of sentence pending appeal on the sentencing judge, a single justice of the Appeals Court, and a single justice of this court. . . . [Rule 31], which concerns stays of execution of sentence, reflects these principles").

Two considerations govern the discretion that each judge or Justice may exercise in reviewing a stay request: security and likelihood of success on appeal. *Hodge*, 380 Mass. at 854-855. As to the former, the single justice of this court correctly pointed out that in *Hodge*, we stated that security considerations "involve determinations of fact and the exercise of sound, practical judgment, and common sense" and that the "exercise of discretion by the trial judge will be upheld unless it is shown that he abused that discretion." *Id.* at 855. Standing alone, this language would appear to support the result the single justice reached. When it is considered in the context of the entire decision in *Hodge*, however, we conclude that the quoted language has a different meaning. In *Hodge*, *supra* at 853, the Commonwealth had argued that the single justice, in ruling on its motion to vacate a trial judge's order staying a sentence pending appeal, was *required* to undertake an independent exercise of discretion and to consider de novo the issue whether a stay should be granted. The court in *Hodge* rejected the Commonwealth's position, concluding that "the single justice was not required to make an independent exercise of discretion and therefore properly chose to rule merely on whether the trial judge abused his discretion by granting the stay." *Id.* at 852. *Hodge*, therefore — which quotes with approval the language in *Allen* that we have earlier quoted, see *Hodge*, *supra* at 854 — stands for the proposi-

tion that a single justice *may* undertake an independent review and independent exercise of discretion on the question whether a stay should be granted or denied, but is not in any way obligated to do so, and may choose simply to review the determination of a trial judge for any abuse of discretion.[7] In *Aviles*, decided after *Hodge*, this court reiterated, " 'Each judge or Justice has the power to consider the matter anew, taking into account facts newly presented, and to exercise his [or her] own judgment and discretion.' . . . This principle applies at the appellate court level to situations in which a stay has been allowed as well as to situations in which a stay has been denied." *Aviles*, 422 Mass. at 1009, quoting *Allen*, 378 Mass. at 496.

In the present case, the trial judge, as she was entitled to do, see *Allen*, 378 Mass. at 493, did not state any reasons as to why she denied the defendant's motion for a stay. She may have done so solely on the view that his public trial claim offered no possibility of success on appeal. Supporting that possibility, at the end of trial, the judge rejected the Commonwealth's argument that the defendant posed a danger to his community, releasing him with conditions and GPS monitoring for approximately one month prior to sentencing. Particularly without any findings by the trial judge to which he could defer, the single justice of the Appeals Court was certainly entitled to exercise his own discretion to take a fresh look at whether the defendant posed a security risk. It constituted error of law for the single justice of this court to vacate the order of the single justice of the Appeals Court on the ground that the latter did not have the legal authority to do so.[8]

*Conclusion.* The order of the single justice vacating the order

---

[7] We read the court's discussion of security considerations in *Hodge*, see *Hodge*, 380 Mass. at 855, to mean only the following. Of the two considerations relevant to a stay pending appeal, a single justice will more likely decline to exercise his own, independent discretion on the issue of security, which involves factual determinations, sound judgment, and common sense. The second consideration, likelihood of success on the merits of the appeal, presents "a pure question of law or legal judgment." *Id.*, quoting *Commonwealth* v. *Allen*, 378 Mass. 489, 498 (1979).

[8] Under the rules in effect when the events at issue occurred, Mass. R. Crim. P. 31 (a), 378 Mass. 902 (1979), the single justice of this court could have decided to deny the defendant a stay pending appeal based on his own independent exercise of discretion, review of the record, and determination

of the single justice of the Appeals Court staying execution of the defendant's sentence of incarceration is vacated, and the order of the single justice of the Appeals Court granting the defendant a stay of execution of his sentence pending appeal is reinstated.

*So ordered.*

---

that the defendant posed a security risk. But see *Commonwealth* v. *Aviles*, 422 Mass. 1008, 1009-1010 (1996); *Commonwealth* v. *Allen*, 378 Mass. 489, 497 (1979). The single justice, however, could not vacate the stay granted by the single justice of the Appeals Court on the ground that he did.