NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12927

GLENN CHRISTIE  vs.  COMMONWEALTH.


Suffolk.     March 31, 2020. - April 1, 2020.

Present:  Gants, C.J., Gaziano, Lowy, Budd, Cypher, & Kafker, JJ.


Practice, Criminal, Sentence, Execution of sentence, Stay of proceedings.



Civil action commenced in the Supreme Judicial Court for the county of Suffolk on March 17, 2020.

A motion to stay execution of a sentence was heard by Budd, J., and the case subsequently was reported by her.


David Rassoul Rangaviz, Committee for Public Counsel Services, for the petitioner.
Sarah M. Joss, Special Assistant Attorney General, for Probation Service.
David F. O'Sullivan, Assistant District Attorney, for the Commonwealth.
Katharine Naples-Mitchell, for Mary T. Bassett & others, amici curiae, submitted a brief.


GANTS, C.J.  The issue presented on appeal is whether the denial by a single justice of the Appeals Court of a motion to

stay execution of a sentence pending appeal <u>before</u> the Governor declared a state of emergency arising from the COVID-19 pandemic required a Superior Court judge to deny a subsequent motion to stay brought <u>after</u> the declaration.  We conclude that it does not:  the health risks to a person in custody caused by the pandemic constitute changed circumstances that require de novo review of the motion to stay.  We also conclude that, in conducting that de novo review, a judge must give careful consideration not only to the risks posed by releasing the defendant -- flight, danger to others or to the community, and likelihood of further criminal acts -- but also, during this pandemic, to the risk that the defendant might die or become seriously ill if kept in custody.[1]

<u>Background</u>.  In 2007, the defendant was convicted on four indictments charging statutory rape, one indictment charging indecent assault and battery on a child under the age of fourteen, and one indictment charging dissemination of obscene material to a minor.  See <u>Commonwealth</u> v. <u>Christie</u>, 89 Mass. App. Ct. 665, 666 (2016).  The convictions on all but the dissemination charge were reversed on appeal, and the verdicts were set aside.  See <u>id</u>. at 676.  On remand to the Superior

_____

[1] We acknowledge the amicus brief submitted by ten public health experts.

Court, the defendant pleaded guilty to three counts of rape of a child and one count of indecent assault on a child under fourteen on June 19, 2018. He was sentenced to time served in prison and was placed on probation for ten years. On April 29, 2019, a Superior Court judge found that the defendant committed technical violations of his conditions of his probation, specifically missing a meeting with his probation officer, being temporarily suspended from his sex offender treatment program, and failing to comply with global positioning system monitoring. The judge revoked his probation and sentenced him to from one to two years in State prison. He is currently serving that sentence at the Massachusetts Treatment Center (treatment center), a medium security prison operated by the Department of Correction.

In November 2019, the defendant filed a motion to reconsider the revocation or, alternatively, to stay his sentence pending appeal. The judge denied that motion on February 14, 2020. His appeal from that denial is now pending in the Appeals Court. The defendant then sought a stay of his sentence pending appeal from a single justice of the Appeals Court, who denied the motion on February 26, 2020.

On March 10, 2020, the Governor declared a state of emergency throughout the Commonwealth in response to the spread of COVID-19, a particularly virulent and dangerous coronavirus.

See Executive Order No. 591.  The next day, the World Health Organization declared COVID-19 to be a global pandemic.  On March 17, because of the pandemic, this court closed court houses to the public except to conduct emergency hearings that cannot be resolved through a video conference or telephonic hearing.

That same day, the defendant filed an emergency petition in the county court, pursuant to G. L. c. 211, § 3, seeking immediate release from custody based on the changed circumstances arising from the COVID-19 pandemic, noting that he is fifty-four years old and suffers from chronic medical conditions that place him at particular risk of serious illness or death were he to contract the virus.  A single justice denied the petition, where the defendant had not sought this relief from a judge in the Superior Court.  The defendant subsequently filed an emergency motion for immediate release in the Superior Court, which a judge (who was not the sentencing judge) denied following a hearing on March 23.  The defendant then renewed his petition under G. L. c. 211, § 3, before the single justice, who reserved and reported the case to the full court.

Discussion. 1. COVID-19.  COVID-19 is a respiratory illness caused by a novel coronavirus.  While some patients with COVID-19 develop mild respiratory illness, others develop severe complications, such as pneumonia in both lungs, multi-organ

failure, and in some cases death.  COVID-19 is a particular risk to older adults and to individuals with underlying health conditions, such as cardiovascular disease, diabetes, and chronic respiratory disease.

Prevention of COVID-19 is highly dependent on physical social distancing (i.e., remaining at least six feet apart from other people), as well as frequent hand-washing and sanitizing. Persons who have been exposed to someone who has or may have COVID-19 have been asked by international, Federal, and State authorities to self-isolate for at least two weeks following the potential exposure in order to slow the spread of the virus.

The United States Centers for Disease Control and Prevention has issued guidance on the management of COVID-19 in correctional facilities, discussing the "unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff, and visitors."  See Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html [https://perma.cc/KY9V-TS9K].  If a virus as contagious as COVID-19 were to enter a correctional facility, the risk of transmission is high.  Incarcerated individuals often bunk in the same cell or unit and cannot realistically maintain adequate

social distancing. Indeed, when this emergency motion to renew the petition for relief was filed in the county court on March 24, 2020, there were already four confirmed cases of COVID-19 at the treatment center. By the time the defendant filed his reply brief two days later, the number had almost tripled to eleven cases. As of the date of hearing, that number had again increased to seventeen.

The defendant suffers from multiple chronic medical conditions, including nephropathy, hypothyroidism, and thyroid cancer. He also has limited mobility due to spinal issues and relies on a wheelchair. He, therefore, is at heightened risk of serious illness or death if he were to contract the virus.

2. <u>Stay of execution pending appeal</u>. Under Mass. R. Crim. P. 31 (a), as appearing in 454 Mass. 1501 (2009), a defendant sentenced to a term of imprisonment may seek a stay of execution pending appeal. The stay may be sought from the judge who imposed the sentence or, pursuant to Mass. R. A. P. 6, as appearing in 481 Mass. 1608 (2019), from a single justice of the court that will hear the appeal. Mass. R. Crim. P. 31 (a). The decision whether to grant a stay is within the sound discretion of the judge or justice. <u>Commonwealth</u> v. <u>Cohen (No. 2)</u>, 456 Mass. 128, 132 (2010).

When considering the merits of a motion to stay the execution of a sentence, a judge should consider two factors.

First is whether the appeal presents "an issue which is worthy of presentation to an appellate court, one which offers some reasonable possibility of a successful decision in the appeal." Commonwealth v. Allen, 378 Mass. 489, 498 (1979), quoting Commonwealth v. Levin, 7 Mass. App. Ct. 501, 504 (1979). See Cohen, 456 Mass. at 132. Second, the judge should consider "the possibility of flight to avoid punishment; potential danger to any other person or to the community; and the likelihood of further criminal acts during the pendency of the appeal." Commonwealth v. Hodge (No. 1), 380 Mass. 851, 855 (1980).

The power to stay a sentence pending appeal "may be exercised by the sentencing judge, by a single justice of the Appeals Court, or by a single justice of this court." Allen, 378 Mass. at 496. "Each judge or Justice has the power to consider the matter anew, taking into account facts newly presented, and to exercise his [or her] own judgment and discretion." Id. In this case, a Superior Court judge and a single justice of the Appeals Court denied the defendant's motions to stay his sentence on February 14 and February 26, respectively, based on the information that was available at the time, before the COVID-19 pandemic had reached Massachusetts.

On March 23, when a different Superior Court judge denied the defendant's motion for immediate release or, alternatively, a stay of execution of the sentence, the COVID-19 pandemic had

taken hold in the Commonwealth, resulting in the Governor's order of a state of emergency. Although it is not entirely clear from his order, the judge appears to have understood that he did not have the authority to reconsider the defendant's motion to stay the execution of his sentence because a single justice of the Appeals Court had already denied that request one month earlier.

If there had been no change in circumstances, the judge would have been correct. However, because of the arrival of the COVID-19 pandemic in Massachusetts, the exponential spread of the virus, and the particular danger of transmission of the virus to persons in custody who cannot realistically engage in social distancing, a fundamental change in circumstances had occurred between the date when the single justice denied the motion (February 26) and the date when the judge decided the new motion to stay (March 23). Therefore, it was error for the judge not to reconsider the defendant's motion to stay execution of sentence in light of the rapidly changing situation arising from the COVID-19 pandemic. We therefore remand this matter to the Superior Court to permit such reconsideration.

We also note that the health risks to persons in custody arising from this pandemic require that we adjust the analysis applied to motions to stay the execution of sentence pending appeal. In ordinary times, in considering the second factor, a

judge should focus on the danger to other persons and the community arising from the defendant's risk of reoffense.  See Cohen, 456 Mass. at 132; Hodge, 380 Mass. at 855.  In these extraordinary times, a judge deciding whether to grant a stay should consider not only the risk to others if the defendant were to be released and reoffend, but also the health risk to the defendant if the defendant were to remain in custody.  In evaluating this risk, a judge should consider both the general risk associated with preventing COVID-19 transmission and minimizing its spread in correctional institutions to inmates and prison staff and the specific risk to the defendant, in view of his or her age and existing medical conditions, that would heighten the chance of death or serious illness if the defendant were to contract the virus.

In addition to those factors, in this particular case, it is important that the judge give careful consideration to the circumstances under which the defendant would quarantine if he were to be released.  The defendant proffers that a friend has agreed to house him if he were to be released from custody, despite the risk that the defendant might have been exposed to the COVID-19 virus.  On remand, the defendant should address questions raised during the appellate oral argument regarding the actual availability of such a residence where he might be safely quarantined and the suitability of such a residence if it

were available.  The facts regarding these matters were not
fully developed at the time of oral argument and should be
presented more fully to the motion judge.  The motion judge
should recognize that, because of the pandemic, and because time
is of the essence, it may not be realistic to conduct the usual
due diligence to provide assurances of availability and
suitability, but that should not prevent the judge from relying
on the information that reasonably can be provided under the
circumstances.

Conclusion.  For the reasons stated, we vacate the judge's
denial of the defendant's motion for reconsideration of a stay
pending appeal and remand the matter to the Superior Court for
proceedings consistent with this opinion.  A hearing on the
remanded motion shall be conducted in the Superior Court within
forty-eight hours of the issuance of this decision.

So ordered.