NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13046

COMMONWEALTH  vs.  RONNIE M. HARRIS.


April 29, 2021.


Practice, Criminal, Sentence, Execution of sentence, Stay of
    proceedings.


     The defendant, Ronnie M. Harris, was convicted of murder in
the second degree and other offenses in 1975, and we affirmed
the convictions after plenary review under the version of G. L.
c. 278, § 33E, then in effect.  Commonwealth v. Harris, 376
Mass. 201 (1978) (Harris I).  In 2019, the defendant filed a
motion for a new trial, which was denied.  His appeal from that
ruling is pending in the Appeals Court.[1]  The defendant also
filed, in the Superior Court, a motion to stay execution of his
sentence pursuant to Mass. R. Crim. P. 31, as appearing in 454
Mass. 1501 (2009), arguing that his age and medical condition
placed him at a heightened risk of illness and death from COVID-
19.[2]  After that motion was denied, the defendant filed a similar
motion in the Appeals Court pursuant to Mass. R. A. P. 6 (b), as
appearing in 481 Mass. 1608 (2019), seeking a stay of his

_____

     [1] Although he received plenary review of his conviction of
murder in the second degree, the defendant was not obligated to
seek leave to appeal pursuant to the gatekeeper provision of
G. L. c. 278, § 33E.  See Greene v. Commonwealth, 385 Mass.
1008, 1009 (1982).

     [2] It appears that, due to delays in the Superior Court
clerk's office, the defendant was not aware that his motion for
a new trial had been denied when he filed his motion for a stay.
At the time, the defendant was not seeking to be released
pending any appeal, but to be released until the end of the
COVID-19 pandemic.

sentence pending appeal from the denial of his motion for a new trial. A single justice of the Appeals Court denied the motion, and a panel of the Appeals Court affirmed the denial in an unpublished memorandum and order. Commonwealth v. Harris, 98 Mass. App. Ct. 1110 (2020) (Harris II). We granted the defendant's application for further appellate review and requested supplemental memoranda concerning the parties' positions as to the panel's decision and the question whether and in what circumstances a judge or a single justice has authority to grant a stay of execution of a sentence pending appeal from the denial of a motion for a new trial, as opposed to a direct appeal from a conviction. After considering those memoranda along with the papers filed in the single justice and panel sessions of the Appeals Court, we affirm.[3]

Before us is the defendant's appeal from the decision of the single justice of the Appeals Court denying his motion for a stay. We review that decision for error of law or abuse of discretion. Commonwealth v. Nash, 486 Mass. 394, 412 (2020). Here, the single justice of the Appeals Court both determined that the motion judge did not err or abuse her discretion by denying a stay and independently denied a stay after considering the matter under the factors articulated in Christie v. Commonwealth, 484 Mass. 397 (2020), and Commonwealth v. Hodge (No. 1), 380 Mass. 851 (1980). See Nash, supra at 410-411 (appellate single justice may take either approach or both approaches). We, however, "do[] not exercise [our] own independent discretion to evaluate the request for a stay; rather, [we] review[] the correctness of the single justice's ruling." Id. at 412.

In Nash, 486 Mass. at 402-412, we recently clarified the legal standards governing motions pursuant to Mass. R. Crim. P. 31 and Mass. R. A. P. 6 (b) to stay execution of sentences pending appeals from criminal convictions, particularly during the COVID-19 pandemic. A judge considering such a motion must consider three factors: "(1) the defendant's likelihood of success on appeal, (2) certain security factors [e.g., the risk of flight and the danger to any other person or to the community], and (3) certain risks associated with the pandemic." Id. at 403. We particularly emphasized, as to the first factor, that "the defendant must show that there is at least one appellate issue of sufficient heft that would give an appellate

---

[3] We acknowledge the amicus letter filed by the Committee for Public Counsel Services, the Massachusetts Association of Criminal Defense Lawyers, and the New England Innocence Project.

court pause -- in other words, one or more issues that require a legitimate evaluation, that would engender a dialectical discussion among an appellate panel where both sides find some substantive support, and that would, if successful, lead to a favorable outcome for the defendant." Id. at 404.  As to the COVID-19 factor, we clarified our decision in Christie, 484 Mass. at 400-401, in which we first directed judges to consider the risks posed by the COVID-19 pandemic when deciding a motion for a stay of execution pending appeal.  We stated that "[i]t is not incumbent on a defendant seeking a stay to prove that COVID-19 is present, let alone rampant, at the facility where he or she is incarcerated, or that the defendant is at an especially high personal risk because of his or her age or medical condition."  Nash, supra at 406-407.  It is not appropriate to use the COVID-19 factor against the defendant:  for example, the fact "that an individual defendant is not known to be at a particularly high risk from the dangers of COVID-19 should not be taken as a reason to deny a stay."  Id. at 409.  The COVID-19 factor should be applied so as to fulfill "[o]ur objective in Christie[, which] was to reduce temporarily the prison and jail populations, in a safe and responsible manner, through the judicious use of stays of execution of sentences pending appeal."  Id. at 406.

This case, however, stands on a significantly different procedural footing from Nash.  The defendant is not seeking a stay of his sentence pending appeal from his conviction; his conviction was affirmed over forty years ago.  Rather, he is seeking a stay pending appeal from the denial of his motion for a new trial.  The Rules of Criminal Procedure do not mention a stay of execution of sentence in this procedural posture. Indeed, even where a motion for a new trial is allowed, Mass. R. Crim. P. 30 (c) (8) (A), as appearing in 435 Mass. 1501 (2001), provides that "the defendant shall not be discharged from custody pending final decision on the appeal," although the defendant may be admitted to bail in the judge's discretion. See Commonwealth v. Watkins (No. 2), 486 Mass. 1021, 1022 n.2 (2021).  It is a closer question whether Mass. R. A. P. 6 (b) authorizes a single justice of an appellate court to stay execution of a sentence pending a collateral appeal.  We have indicated that "[t]hose who are pursuing appellate proceedings or a motion for a new trial may seek a stay of execution of sentence pursuant to Mass. R. A. P. 6."  Committee for Pub. Counsel Servs. v. Chief Justice of the Trial Court (No. 1), 484 Mass. 431, 435-436 (2020), citing Commonwealth v. Charles, 466 Mass. 63, 83 (2013).  However, the language in rule 6 addressing stays presupposes that the defendant is taking a direct appeal

from a criminal conviction, not an appeal from a ruling on a postconviction motion.  See Mass. R. A. P. 6 (b) (5), (6) (stay automatically expires and trial court clerk to be notified upon release of decision "affirming the conviction").  Moreover, we have already recognized that the court rules themselves do not authorize a judge to grant a stay pending a ruling on a motion for a new trial; rather, a judge has inherent authority to grant such a stay only in exceptional circumstances.  See Charles, supra at 74.  Similarly, on appeal from a ruling on a motion for a new trial, we think it prudent to authorize a stay only where exceptional circumstances are present -- particularly where, as here, the defendant's trial, conviction, and direct appeal all took place many years ago -- regardless of whether the motion for a stay is presented to a trial court judge or a single justice of an appellate court.

There has been no finding of exceptional circumstances in this case.  Harris suggests in his supplemental memorandum that the COVID-19 pandemic presents an exceptional circumstance.  However, we do not agree that the COVID-19 pandemic itself presents an exceptional circumstance warranting exercise of a judge's inherent power to grant a stay where a defendant files a motion for a new trial and appeals from the denial thereof.  A comparison with the Charles case is instructive.  In Charles, 466 Mass. at 74, we ruled that exceptional circumstances were present due to "the allegations of serious and far-reaching misconduct by [Annie] Dookhan at the [William A. Hinton State Laboratory Institute]" that "may have compromised thousands of cases."  Dookhan's misconduct "raise[d] significant questions regarding the veracity of the drug analysis, which purportedly served as the basis for [the defendant's] guilty pleas, and may be dispositive of his motion for a new trial."  Id.  We concluded that "the interest of justice [was] not served by the continued imprisonment of a defendant who may be entitled to a new trial," and so the judge had the inherent authority to allow a stay pending decision on the defendant's motion.  Id. at 74-75.

The COVID-19 pandemic is different in both kind and scope.  As serious and extraordinary as it is, it is unimaginable that the pandemic itself casts any doubt on the justice of any conviction that predates it.  Moreover, Dookhan's misconduct affected only a subset of criminal cases, namely, drug cases during her tenure at the Hinton drug laboratory -- a large subset, but a definable class nonetheless.  A ruling that the pandemic alone presents an exceptional circumstance would invite every prisoner in the Commonwealth, regardless of the nature of

his or her conviction or the amount of time that has passed since then, to file a motion for a new trial and, if it is denied, seek a stay of execution of sentence (that is, immediate release from confinement) pending appeal from that decision. Although the pandemic, when combined with other factors, might present an exceptional circumstance in a particular defendant's case, it is incumbent on the defendant to make that showing.  We reiterate that the pandemic alone does not constitute an exceptional circumstance.  Moreover, neither the Superior Court judge nor the single justice of the Appeals Court found that an exceptional circumstance existed in this case.  For that reason alone, there was no error or abuse of discretion in the denial of a stay pending appeal from the denial of Harris's motion for a new trial.

The order of the single justice of the Appeals Court denying Harris's motion for a stay of execution of sentence is affirmed.

So ordered.

The case was submitted on briefs.
Inna Landsman for the defendant.
Benjamin Shorey, Assistant District Attorney, for the Commonwealth.
Anthony D. Mirenda, Christopher E. Hart, & Christopher Modlish for Committee for Public Counsel Services & others.