NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-913

COMMONWEALTH

vs.

JAMIE T. HEMPEL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant, Jamie T. Hempel, was found guilty of home invasion, assault with intent to murder, assault and battery by means of a dangerous weapon (an axe), and three charges of assault by means of a dangerous weapon. He appeals from an order of a single justice of this court denying his motion for a stay of execution of his sentence pending appeal of his convictions. Discerning no error of law or abuse of discretion, we affirm.

The standard for deciding whether to stay a criminal sentence pending appeal is set forth in detail in Commonwealth v. Nash, 486 Mass. 394, 402-412 (2020), and the cases cited therein, and need not be recited here. To summarize, "a defendant bears the burden of proving two factors -- likelihood

of success on appeal and security -- in order to prevail."  Id.
at 406.

The defendant duly filed a motion for a stay in the
Superior Court, see Mass. R. A. P. 6 (b) (1), as appearing in
481 Mass. 1608 (2019), but the motion was never acted upon.
Accordingly, the single justice necessarily conducted an
"independent assessment of the defendant's motion."  Nash, 486
Mass. at 410.  We review the single justice's denial of the stay
for error of law or abuse of discretion.  See id. at 412, citing
Commonwealth v. Hodge (No. 1), 380 Mass. 851, 855 (1980).

The defendant's appellate issue concerns whether the trial
judge followed appropriate procedures in permitting the
defendant to forgo his attorney's assistance toward the end of
his trial and, instead, conduct his own examination of one
witness and make his own closing argument.  For the purposes of
this appeal, we assume, without deciding, that the issue has
"sufficient heft that would give an appellate court pause."
Nash, 486 Mass. at 404.

Turning to the security factors, the single justice was
required to consider "the possibility of flight to avoid
punishment; potential danger to any other person or to the
community; and the likelihood of further criminal acts during
the pendency of the appeal."  Hodge (No. 1), 380 Mass. at 855.
"The judge also may consider the seriousness of the crime of

2

which the defendant was convicted, the strength of the evidence presented at trial, and the severity of the sentence that the judge imposed." Nash, 486 Mass. at 405. Assessment of the security factors is a question of fact, which requires the judge "to decide based on the available information whether the defendant will be a danger or a flight risk if at liberty during the pendency of the appeal. The judge has considerable leeway in making that determination." Id.

We discern no error of law or abuse of discretion in the single justice's implicit determination that the defendant would pose a danger to the community or a risk of flight if released pending appeal. The defendant was convicted of numerous crimes arising from a frightening, violent home invasion incident involving multiple victims. He received a lengthy State prison sentence. Prior to the home invasion, he had a substantial arrest record, but only one previous criminal conviction in Massachusetts. Seventeen G. L. c. 209A abuse prevention orders were entered against him from 1996 to 2015, indicating repeated judicial findings that he had placed household or family members in fear of imminent serious physical harm or otherwise abused them. See G. L. c. 209A, § 1 (definition of "abuse"). Furthermore, after a G. L. c. 276, § 58A, hearing in this case, a judge ordered the defendant to be detained without bail pending trial due to dangerousness. A different judge

3

subsequently set bail, subject to GPS monitoring, only because the maximum period for detaining the defendant for dangerousness had expired. See G. L. c. 276, § 58A (3). The defendant did not post bail and remained incarcerated pending trial. In postconviction proceedings, forensic tests of the axe yielded results that the defendant argues are exculpatory, but that the Commonwealth contends are inconclusive and consistent with the jury's verdicts.

Based on these facts, which are relevant to the assessment of security risks, we conclude that the single justice did not make a clear error of judgment in weighing the relevant factors, such that his decision to deny the stay was unreasonable. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Order denying motion for stay of execution of sentence affirmed.

By the Court (Massing, Grant & Brennan, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered: September 15, 2023.

---

[1] The panelists are listed in order of seniority.

4