NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1046

COMMONWEALTH

vs.

HECTOR ROSS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Superior Court, the defendant, Hector Ross, was convicted of rape in violation of G. L. c. 265, § 22 (b).  The judge sentenced him to a State prison term of four years to four years and one day.  The defendant filed a motion to stay the execution of his sentence with the trial judge, and upon denial of that motion, with a single justice of this court.  The single justice, reviewing the motion de novo, denied it.  She concluded that the defendant had not demonstrated a likelihood of success on appeal and that, were the sentence to be stayed, the defendant posed a security risk and a potential danger to the community.  The defendant timely appealed.  We affirm.

1.  Standard of review.  We review the single justice's denial of the defendant's motion to stay for error of law or abuse of discretion.  See Commonwealth v. Nash, 486 Mass. 394, 412 (2020).  "An abuse of discretion occurs when a judge makes a clear error in weighing the relevant factors such that the decision 'falls outside the range of reasonable alternatives.'" Commonwealth v. Kalila, 493 Mass. 636, 641 (2024), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  In deciding a request for a stay, a judge must consider (1) the defendant's likelihood of success on appeal and (2) security considerations such as "the possibility of flight to avoid punishment; potential danger to any other person or to the community; and the likelihood of further criminal acts during the pendency of the appeal."  Nash, supra at 405, quoting Commonwealth v. Hodge, 380 Mass. 851, 855 (1980).  The defendant bears the burden of proving both factors by a preponderance of the evidence.  See Kalila, 493 Mass. at 642.

2.  Likelihood of success on appeal.  To satisfy the first factor, the defendant was required to show that his claims were appealable issues "worthy of presentation to an appellate court [and] which offer[ed] some reasonable possibility of a successful decision in the appeal" (citation omitted).  Nash, 486 Mass. at 403.  "To establish a reasonable possibility of success, a defendant need not prove that his success on appeal

2

is certain or even more likely than not" (quotation and citation omitted). Kalila, 493 Mass. at 642. Rather, the first factor requires answering the question of whether the defendant has proved the existence of at least one appellate issue with "sufficient heft" that would provide an appellate court "pause." Id., quoting Nash, supra at 404.

The defendant argues that he is likely to succeed on appeal on claims that the evidence presented at trial was insufficient to prove penetration and lack of consent. To obtain a conviction of rape under G. L. c. 265, § 22 (b), "the Commonwealth must prove two elements beyond a reasonable doubt: first, that there was sexual intercourse between the defendant and the victim; and second, that the defendant compelled the victim to submit to the intercourse by force or threat of force and against the will of the victim" (quotation and citation omitted). Commonwealth v. Sherman, 481 Mass. 464, 471 (2019). "In situations where a victim lacks the capacity to consent, the Commonwealth has no obligation to prove the use of force by the defendant beyond what is required for the act of penetration" (quotation and citation omitted). Commonwealth v. Gibson, 488 Mass. 854, 857 (2022). "To satisfy the lack of consent element in a typical case, the Commonwealth must prove that 'at the time of penetration, there was no consent.'" Sherman, supra, quoting Commonwealth v. Lopez, 433 Mass. 722, 727 (2001). The single

justice concluded that the defendant had not presented any appellate issues of the necessary "heft." We agree.

a. Penetration. The defendant argues that "no reasonable juror could find that the [defendant] penetrated the victim" because "the evidence is woefully lacking in this case." As the single justice observed, however, viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), the evidence showed that the defendant interacted with the victim on the night in question, that the victim found herself within a short distance of the defendant's mother's home with no memory of getting there, that the victim experienced vaginal soreness, and that the defendant's DNA was present in the victim's underwear. See Commonwealth v. Pena, 96 Mass. App. Ct. 655, 661-662 (2019), quoting Commonwealth v. Fowler, 431 Mass. 30, 33 (2000) ("direct evidence of skin-to-skin contact is not required; '[p]enetration can be inferred from circumstantial evidence'"). Contrary to the defendant's argument, the fact that other DNA profiles were also found in the victim's underwear would not preclude a jury from inferring that the defendant engaged in sexual activities with the victim. See Commonwealth v. Goddard, 476 Mass. 443, 449 (2017), quoting Commonwealth v. Jones, 432 Mass. 623, 628 (2000) (inferences drawn from such evidence "need not be necessary and inescapable, only reasonable and possible"). We agree with the single

4

justice that the jury could have readily inferred that the defendant penetrated the victim's vagina, and that the defendant is unlikely to succeed on this claim. See Commonwealth v. Fowler, 431 Mass. 30, 33 (2000) ("Reasonable and possible inferences may be drawn from largely circumstantial evidence").

b. Lack of consent. The single justice similarly concluded that the defendant had little likelihood of succeeding on his claim that the evidence was insufficient to prove the victim's incapacity to consent. We are not persuaded by the defendant's argument that the evidence against him was not as strong as that found sufficient in other cases. See Commonwealth v. Chilcoff, 103 Mass. App. Ct. 48, 55 (2023) ("The issue is whether the evidence here met the Latimore standard, not whether it was as strong as in other cases"). The victim testified that she attended a concert at a nightclub in Boston with two friends. The defendant admitted he had also attended concerts at the same nightclub, although he could not remember the last time he had been there. After having a few drinks at the club, the victim went to the bathroom. She remembered nothing else until she woke up several hours later, extremely groggy, in the defendant's neighborhood, with which she had no connection, with no memory of how she got there. The grogginess she experienced was unlike the type she usually felt after having a few drinks.

5

The defendant points to countervailing evidence, specifically that the victim's drug and alcohol panels from the next day were negative and that no one at the club saw her exhibiting classic signs of intoxication, in support of his argument that he could not have known that the victim was incapacitated. The single justice concluded, however, that the defendant's argument that he was unaware of the victim's intoxication was "not plausible" considering "evidence of the victim's memory deficits and unfamiliar feeling of grogginess after spending time in a nightclub where she was drinking." A reasonable inference from the evidence presented was that the victim was extremely intoxicated and that the defendant knew or should have known that she lacked the ability to consent. See Commonwealth v. Blache, 450 Mass. 583, 590 (2008) ("consumption or even intoxication by itself is not the issue. . . . The question instead is whether, as a result of the complainant's consumption of drugs, alcohol, or both, she was unable to give or refuse consent"). The defendant's argument that the evidence of incapacity was insufficient is not likely to succeed on appeal.

3. Security concerns. In "an abundance of caution," the single justice further concluded that, based on the defendant's criminal history and the severity of the sentence imposed, the defendant would pose a security risk if his sentence were stayed

6

pending appeal.  Because the defendant's failure to demonstrate a likelihood of success on appeal is reason enough to deny his motion for a stay, see Kalila, 493 Mass. at 645, we need not consider the single justice's security determination.

<div style="margin-left:50%">

Order of the single justice
  denying motion to stay
  execution of sentence
  affirmed.

By the Court (Massing,
  Englander & D'Angelo, JJ.[1]),

Clerk

</div>

Entered:  July 10, 2025.

---

[1] The panelists are listed in order of seniority.