NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-758

COMMONWEALTH

vs.

MARCKENSON LAFLEUR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the

defendant, Marckenson Lafleur, was convicted of two counts of

aggravated rape of a child, G. L. c. 265, § 23A, and one count

of indecent assault and battery on a child under the age of

fourteen, G. L. c. 265, § 13B.  The trial judge sentenced him to

the mandatory minimum of ten years in State prison for the rape

convictions followed by two years' probation for the indecent

assault and battery conviction.  The defendant filed a motion to

stay the execution of his sentences with the trial judge, who

granted the stay.  On the Commonwealth's motion pursuant to

Mass. R. A. P. 6, as appearing in 494 Mass. 1601 (2024), a

single justice of this court vacated the stay.  The defendant

now appeals from the order vacating the stay, arguing that the single justice erred in concluding that the defendant failed to demonstrate that he has a likelihood of success on appeal and does not pose a security risk should his sentence be stayed. We affirm.

Discussion. We review the single justice's order for error of law or abuse of discretion. See Commonwealth v. Nash, 486 Mass. 394, 412 (2020). "An abuse of discretion occurs when a judge makes a clear error in weighing the relevant factors such that the decision 'falls outside the range of reasonable alternatives.'" Commonwealth v. Kalila, 493 Mass. 636, 641 (2024), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

In deciding a request for a stay, a judge must consider (1) the defendant's likelihood of success on appeal, Nash, 486 Mass. at 403, and (2) security considerations such as "the possibility of flight to avoid punishment; potential danger to any other person or to the community; and the likelihood of further criminal acts during the pendency of the appeal." Id. at 405, quoting Commonwealth v. Hodge, 380 Mass. 851, 855 (1980). The defendant bears the burden of proving both factors by a preponderance of the evidence. See Kalila, 493 Mass. at 642.

2

Because it is dispositive, we begin and end our analysis with a discussion of the security considerations. The single justice concluded that the defendant had not established that he did not pose a security risk should his sentence continue to be stayed. The defendant argues that the single justice abused his discretion because he failed to adequately weigh the security factors. We disagree.

When examining the security factors, a judge takes into account the "defendant's family connections, community roots, employment status, and prior criminal record." Nash, 486 Mass. at 405. "The judge also may consider the seriousness of the crime of which the defendant was convicted, the strength of the evidence presented at trial, and the severity of the sentence that the judge imposed." Id.

Here, the single justice properly weighed the security factors. In addition to the serious and violent nature of the crimes the defendant had committed, the single justice also noted the mitigating considerations. See Nash, 486 Mass. at 414. He explicitly "considered the defendant's representations regarding his ties to the community, history of prior release on bail, and his familial status." The single justice noted that the defendant had been compliant with all conditions of release, had not committed new offenses, and had no contact with the complaining witness. The single justice also acknowledged the

3

defendant's contention that he has no criminal record other than the charges at issue in this case and is married with three school-aged children, employed in a family-owned restaurant, monitored by GPS, and had surrendered his passport.

Nevertheless, the single justice did not abuse his discretion in concluding the defendant had not established that he did not pose a security risk should his sentence continue to be stayed.[1]  The single justice's assessment gave proper weight to the mix of security factors; his emphasis was not "primarily on the severity of the crimes."  Nash, 486 Mass. at 414.  Taken together, the single justice's stated reasons were "sufficient

---

[1] The defendant asks in the alternative for this court to address what standard of review a single justice should apply when reviewing a trial judge's order granting a stay -- as opposed to an order denying a stay.  While this question was left open in Nash, 486 Mass. at 411, the defendant argues that a single justice in this scenario should limit his review of a trial judge's ruling for abuse of discretion or legal error.  We disagree, seeing no reason why the single justice's standard of review should differ based on whether the trial judge granted or denied the stay.  See Commonwealth v. Cohen, 456 Mass. 128, 133 (2010) (single justice may "undertake an independent review and independent exercise of discretion on the question whether a stay should be granted or denied, but is not in any way obligated to do so, and may choose simply to review the determination of a trial judge for any abuse of discretion" [emphasis added]).

to find that the defendant constituted a security risk."

Kalila, 493 Mass. at 644.

Single justice order vacating
stay of execution of
sentences affirmed.

By the Court (Blake, C.J.,
Henry & Hershfang, JJ.[2]),

Clerk

Entered: October 24, 2025.

---

[2] The panelists are listed in order of seniority.